Kent, J.,
delivered the opinion of the court. The former husband of the demandant, for some years previous to the 1st November, 1786, was possessed of the premises, and used them as his own, and not in the right of another. He then, for a valuable consideration, conveyed the same in fee with a covenant of warranty, and' the lands have passed, by subsequent conveyances in fee to the present tenant. This is sufficient evidence, in the first instance, of seisin in the husband. The wife is not bound to produce her husband’s deeds, because it is not presumed to be in her power, and in the present case, the tenant claims in fee, under title derived from the husband. [1] The marriage and death of the husband being admitted, there is no question in the case. The court are not to regard lands in the town of Canaan as an exception to the general rules, which would apply, in case the suit had been for lands in another town, nor was the case of Truesdale v. Jefferies,(a) which *256 was cited upon the argument, decided upon the ground of such an exception.
Judgment for the demandant.(a)

 See Browne v. Potter, 17 Wend. 164; Carpenter v. Weeks, 2 Hill, 341; Skerwood v. Vandenburgh, 2 Id. 303; Jackson v. Walter, 5 Cow. 301; Sparrow v. Kingman, 1 Cow. 242.

 Report of the case of Truesdale v. Jefferies, as read in giving the above opinion. This was an ejectment for lands in Canaan and Chatham, (formerly King’s district) in Columbia county, and was argued and decided in April term, 1798. The evidence was, that 18 or 20 years before the trial, the lessor was in possession and continued therein above three years; that he quit-ted the premises, and one Richmond occupied them; that he returned again into possession, and remained perhaps a year; that a controversy arose between him and one Knapp, when he quitted the possession and Knapp entered, and remained in possession until his death; that Knapp died in possession, leaving a widow and four children; that the defendant married the widow, and had been seven or eight years in possession, and held adversely. The plaintiff then gave in evidence the act of 25th July, 1782, and the defendant the act of 22d March, 1791. The act of 1782 stated, that fear and uneasiness prevailed among the inhabitants of King’s district, by rerison of pretences that the whole, or part of the lands, were vacant; and, for remov *256 ing such fear and uneasinesses, it was enacted, that the interest or right of any person to any lands within the said district, and not within any colonial grant, should not be impeached, by reason that the same were not before granted. The court decided that the construction of the act of 1782 was, that it amounted only to a legislative declaration that those lands should not be located; that the possession of the plaintiff was of no avail, for he entered without claiming title, and relied solely on his possession; that, from his subsequent conduct, he must be presumed to have renounced or abandoned his possession, and all claim under it, and (to use a common, but appropriate expression,) he was to be regarded, in respect to the premises, as a mere squatter. Judgment for defendant.

 The general principle is, that a¡ll who derive title under or through the husband, are estopped from controverting his seisin. Therefore, where a tenant under a mortgagor took from his heir a release, and paid off the mortgage, it was held that the tenant could not dispute the seisin of the mortgagor, and that his widow was entitled to dower. Hitchcock v. Harrmgton, 6 Johns. Rep. 290. The law is the same in favor of the wife of the alienee of the mortgagor, whose right to dower for the want of seisin in her husband, cannot be impeached by a person deriving his title under a grant from the alienee, though (he mortgage was then outstanding. Collins v. Torry, 7 Johns. Rep. 273 An acknowledgment by the defendant that he holds under the will of a grantor, who conveyed to the husband of the demandant in fee, and subsequently re-purchased the land so conveyed, is a recognition of the seism of the husband. Embree v. Ellis, 2 Johns. Rep. 119.
See also Hitchcock v. Carpenter, 9 J. R. 344; Davis v. Darrow, 12 Wend 65; Browne v. Potter, 17 Wend. 164; Sherwood v. Vandenburgh, 2 Hill, 303 Contra — Sparrow v. Kingman, 2 Cow. 242.