NEWYORK,
Oct. 1812.

HITCHCOCK
v.
CARPENTER.

------

## HITCHCOCK, AND HIS WIFE, WHO WAS THE WIFE OF FERRIS, against CARPENTER.

In an action of *dower,* the defendant pleaded, 1. *Ne unque seise,* &c. 2. *Ne unque accouple,* &c. 3. That the husband of the demandant was in life, &c. It was held that the defendant claiming to hold under the heirs of the husband of the demandant was estopped from denying his seisin and death; and that the defendant could not, at the trial, give in evidence, under the pleas, a release of the premises to A. executed by the demandant; but that such release must be pleaded.

THIS was an action of *dower.* *David Ferris,* deceased, the former husband of *Rachel,* the wife of *Hitchcock,* was seised, in his lifetime, of lot No. 12. in *Queensberry,* in *Washington* county, being the land of which the demandant claimed dower. The defendant pleaded, 1. *Ne unque seise que dower,* &c. 2. *Ne unque accouple, &c.* 3. That *David Ferris* is in life, &c. 4. A conveyance by the demandant, of the premises in question in fee to *Elijah Bartow,* his heirs, &c.

The cause was tried before Mr. Justice *Yates,* at the *Washington* circuit, the 17th *June,* 1812.

It was proved that *David Ferris* lived on the land about 20 years ago ; that he afterwards went to the western country, and it was reported that he was drowned in the *Ohio* river ; that *Ferris* and the demandant lived together, as man and wife, and that she has since married the plaintiff. It also appeared that the defendant was the tenant in possession of the premises, and claimed to hold under the *heirs* of *David Ferris.* The yearly value of the premises was proved.

The defendant gave in evidence a release of the premises in question, before the commencement of the suit, duly executed by the demandant to *Samuel Odell.* The plaintiff's counsel objected

to the evidence, on the ground that it ought to have been pleaded, or notice of it given with the general issue. The judge overruled the evidence, and the jury, under his direction, found a verdict for the plaintiffs.

The defendant moved for a new trial; 1. Because there was not sufficient evidence of the seisin and death of *Ferris;* 2. Because the release offered in evidence by the defendant was improperly rejected.

*Skinner,* for the defendant.

*Z. R. Shepherd,* contra, cited the case of *Hitchcock* v. *Harrington.* (6 *Johns. Rep.* 290.)

*Per Curiam.* As the defendant claims under the heirs of *Ferris,* he is estopped from denying the seisin and death of *Ferris,* the former husband of the demandant. He has affirmed that seisin by taking under the heirs. This was so considered by this court, in the case of *Hitchcock* v. *Harrington.* (6 *Johns. Rep.* 290.)

The release offered in evidence by the defendant was properly excluded. It ought to have been pleaded. It could not be given in evidence under any of the pleas on which issue was joined. It had no relation to either.

Motion denied.