*ALBANY,*
*January, 1818.*

DOLF
v.
BASSET.

———◦✳◦———

## DOLF, Widow, *against* BASSET.

THIS was an action of dower, for the recovery of dower in certain lands in the town of *Chatham*, in *Columbia* county. The cause was tried before Mr. J. *Van Ness*, at the *Columbia* circuit, in *September*, 1816.

*Simon Dolf*, a witness on the part of the demandant, testified that he was acquainted with the farm formerly in the possession of *Jonathan Dolf*, the husband of the demandant, which contained 150 acres, besides the part that *Dolf* afterwards got of *Stephen Hare;* that *Jonathan Dolf* formerly lived on the farm, and that the tenant came into possession, about 20 or 22 years before the trial, under *J. Dolf*, claiming it by purchase from him. The witness further stated, that *J. Dolf* and his brother *Charles Dolf* purchased the farm together, and then divided it, a division fence being put up, and each occupying his part separately, and that the tenant had got *J. Dolf's* part; that the deed was given to *C. Dolf*, and the witness did not know that *J. Dolf* ever took a deed for his part; but when he sold to the tenant, the deed was executed by both *Charles* and *Jonathan.* The demandant produced the record of the deed from *J.* and *C. Dolf*, to the father of the tenant, dated *May 8th*, 1792, for the con-

Where A. and B. purchased a piece of land, and divided it between them, and A., being in the exclusive occupation of his part, sold it to D., but both A. and B. joined in the conveyance, it was held that, although the deed from A. and B. might be *prima facie* evidence that they were tenants in common of the part conveyed, yet that the occupation of the land by A., and the defendant's purchasing it of him exclusively, were evidence of A.'s seisin of the whole, so as to entitle A.'s widow to dower out of the whole of his part of the land originally purchased by A. and B. and not merely in a moiety of that part.

*Dower* of land aliened by the husband in his life time is to be assigned according to the value of the land at the time of alienation, and such value may be ascertained, either, (1.) By the jury on the trial of the issue in the action of dower; or, (2.) By the sheriff on the writ of seisin; or, (3.) By a writ of inquiry founded on proper suggestions.

ALBANY, siferation of 1000 dollars, which deed also included part of
January, 1818. *Hare's* land, and contained full covenants.

DOLF
v.
BASSET.

The tenant offered to prove, that he had erected, and made on the premises, valuable buildings and improvements, which testimony was objected to by the demandant's counsel, and rejected by the judge. The counsel for the tenant then contended, that the demandant was entitled to recover her dower in the moiety of the farm only, and not in the whole farm; that the deed from *J.* and *C. Dolf*, with full covenants, was evidence of seisin in *J.* of a moiety only, and that the demandant was estopped by the deed from claiming dower in more than a moiety. The judge charged the jury that the demandant was entitled to recover her dower in the whole farm; and the jury found a verdict for the demandant generally, and that *J. Dolf* aliened the premises on the 8th of *May*, 1792.

The tenant moved for a new trial, and the cause was submitted to the court without argument.

*Per Curiam.* This case is very obscurely drawn, and it is a little difficult to ascertain the facts necessary to decide one of the points which appears to have been made upon the trial, to wit, in what part of the farm the demandant had a right to recover dower. The better conclusion from the case is, that what is meant by the *whole* farm is the 150 acres purchased by *Jonathan Dolf*, the late husband of the demandant, and his brother *Charles;* and that the defendant is in possession only of one half of that farm, being the moiety which, on a division between *Charles* and *Jonathan*, fell to the latter; and the only difficulty that appears to be created is, that when *Jonathan* conveyed his part to the defendant, *Charles* also joined with him in the deed; from which circumstance it is contended, on the part of the defendant, that *Charles* and *Jonathan* are to be deemed tenants in common of the land so conveyed to the defendant, and the widow only entitled to dower in the moiety belonging to *Jonathan*. If this be the correct construction of the case, there can be little doubt that the demandant is entitled to dower in the whole of the 75 acres which it is supposed the deed contains. This deed might be *prima fa-*

*cie* evidence that *Charles* and *Jonathan* held as tenants in common; but the proof is abundant to show that such was not the fact, but that *Jonathan* had held and enjoyed the whole, in his own right, and *Charles* must have been joined in the deed for greater caution. The manner in which *Jonathan* used and occupied the land, and the defendant's purchasing it of him exclusively, are sufficient, within the decisions of this court, to establish a seisin in *Jonathan*. (1 *Caines*, 185. 2 *Johns. Rep.* 119.)

The next question presented by the case is, whether, in this action, the defendant could be admitted to show that he had made valuable improvements upon the land. This is a case where the land in which dower is claimed had been aliened by the husband in his life-time, and, therefore, coming within the statute, which provides that dower of any lands sold by the husband shall be according to the *value* of the lands, exclusive of the improvements made since the sale. (1 *N. R. L.* 60.) It has been settled by this court, that dower is to be taken according to the value of the land at the time of alienation. (2 *Johns. Rep.* 484. 11 *Johns. Rep.* 510.) But in what manner, and at what time that value is to be ascertained, has not been decided. It is barely hinted at in the case of *Humphrey* v. *Phinney;* (2 *Johns. Rep.* 484.) and the books do not furnish us with much light on the subject. As it is an inquiry growing, in some measure, out of the statute, the court has an unquestionable right to adopt such practice as shall seem most expedient. This value can only be ascertained in one of three ways; either by the jury upon the trial of the issue, or by the sheriff on the writ of seisin, or by a writ of inquiry founded on proper suggestions; either of which would probably be unexceptionable. But in this case, as the issues have been already tried, recourse must be had to one of the two latter modes above suggested.

*Judgment accordingly.*