### KIMBALL v. KIMBALL.

In an action of dower, it is not competent for the tenant to shew that the demandant's husband, under whom he claims, was only colorably seised, by virtue of a deed made to defraud the creditors of his grantor.

THIS was an action of dower, in which the seisin of the demandant's husband was the only fact in issue.

It was proved or admitted that one *Thomas Morse*, being seised of the demanded premises, conveyed them to *Christopher S. Kimball* the demandant's husband, by deed dated *April* 6, 1810, taking his promissory note for the price; that afterwards, on the 23d of *May* 1810, said *Christopher* sold and conveyed the same land by deed to *Cotton Kimball* the tenant, taking his note for the price, which note he transferred to *Morse* in payment for the land;—that *Morse* afterwards died, and his administrator recovered judgment upon the note against *Cotton Kimball*, and caused his execution to be extended upon the demanded premises, which were afterwards conveyed to said *Cotton*, by the administrator, before this action was commenced.

The tenant then offered to prove that *Morse*, at the time of making the deed to *Christopher*, was deeply in debt;—that the conveyance was made to defraud *Morse's* creditors, of whom the present tenant was one, his debt being more than seven hundred dollars;—and that *Morse's* estate was insolvent. But the Judge who presided at the trial rejected this evidence, and a verdict was returned for the demandant, subject to the opinion of the Court upon the question whether the evidence offered was admissible.

Kimball *v.* Kimball.

*Emery*, for the tenant, now contended that the verdict ought to be set aside. He argued that the seisin of *Christopher*, if such it could be regarded, ought not to support the claim of dower, because it was tainted with fraud. At best it was not actual, but merely technical and constructive. It was an unlawful attempt to defeat public justice and impede the due course of law, and ought not, even indirectly, to receive a judicial sanction. No consideration ever passed to *Morse*, until the estate became revested in his personal representative, by the extent. In equity the estate was never out of him, but was liable to sequestration for the benefit of his creditors, of whom the tenant was a principal one, and whose title, as derived from the administrator, deserves an unqualified preference before that of the demandant, founded, as it is, in fraud.

*Long fellow*, on the other side, was stopped by the Court, whose opinion was afterwards delivered as follows, by

MELLEN C. J. The defence in this action does not appear to be founded in justice or law.—Not in justice ; because the tenant has never been disturbed by the claim of any one ; but continued to hold the premises under the deed of *Christopher S. Kimball*, until they were taken on execution to satisfy a debt which he justly owed. The fee of the estate vested in him, and he continued to enjoy it until he realized its value ; and yet he contends against the claim of his grantor's widow. On legal principles the defence is equally destitute of foundation. No man is permitted to deny the title under which he claims and holds. This is a common principle.—In *Bancroft v. White*, 1 *Caines*, 185. it was decided that a person holding under a conveyance in fee from the husband of the demandant in dower is estopped from controverting the seisin of the husband.—See also *Hitchcock v. Carpenter*, 9 *Johns*. 344. Besides, *Christopher S. Kimball* was seised in fact, under *Morse's* deed, at the time of the conveyance to the tenant, subject only to be ejected by some future action, in case it should be proved that the conveyance to the demandant's late husband, from *Morse*, was made to defraud his creditors.—There must be

*Judgment on the verdict.*