## NASON vs. ALLEN.

Where one seised of a remainder expectant upon an estate for life, mortgaged the premises in fee, and died; and his widow brought an action of dower against the mortgagee; it was *held* that the latter was estopped to deny the seisin of the husband.

IN this case the plaintiff, as the widow of *Thomas Nason*, demanded her reasonable dower in two parcels of land. In a case stated by the parties it appeared that the husband, and his mother *Joanna Nason*, were tenants in common of both parcels;—that in 1804, the mother, who is still living, conveyed one of the parcels, called the six-acre-tract, to *Thomas* in fee; receiving from him, at the same time, a lease of that tract during her life;—that on the 21st day of *October* 1809, the mother and son both joined in a mortgage of both parcels to the defendant in fee;—that the plaintiff's marriage with *Thomas* took place *Feb.* 17, 1813;—that on the 31st day of *March* 1815, the defendant, by his deed of release and quitclaim in common form, conveyed to *Thomas Nason*, all his right title and interest in the premises as mortgagee;—and that on the 6th day of *May* 1824, *Thomas Nason* mortgaged the premises in fee to the defendant, who, in *May* 1827, recovered judgment for possession of the same, in an action upon the mortgage.

Before the commencement of this action, the defendant had assigned to the plaintiff her dower in one moiety of all the premises, except the six acres.

It was further agreed by the parties that if the court should be of opinion that the defendant, by holding the premises under *Thomas Nason's* deed of *May* 6, 1824, was estopped to deny his seisin, then the facts relative to the mother's estate for life in the six acres were to be disregarded, and considered as not admitted; and that the court should render such judgment, upon the case thus stated, as might conform to the principles on which the case should be decided.

*D. Goodenow*, for the defendant, contended that the deed and lease of 1804 being one transaction, the husband was never seised

except of an estate in remainder; and of this the wife is not dowable. *Eldridge & al. v. Forrestal & ux.* 7 *Mass.* 253 ; *Co. Lit.* 35 ; 4 *Dane's Abr. ch.* 130, *art.* 4, *sec.* 4.

Nor ought the defendant to be estopped by the mortgage to him in 1824. Though the warrantor may not aver against his own deed, yet the warrantee may. *Porter v. Hill*, 9 *Mass.* 36. There is a wide difference, on this point, between a lessee and a grantee in fee. In the case of the former, there are relations still subsisting, which he is very properly forbidden to impair, by any averment inconsistent with his character of lessee. But no such relations subsist between grantor and grantee in fee ; and the latter may therefore protect himself by the acquisition of any outstanding or paramount title. *Fox v. Widgery* 4 *Greenl.* 218. It is only where the principle of subordination exists, and a duty is still due, that the reason of the doctrine of estoppel applies. But even a lessee, if he admits that some interest passed by the lease, is not estopped to show what that interest was. 5 *Dane's Abr. ch.* 160, *art.* 1, *sec.* 22 ; *Co. Lit.* 47 ; 8 *D. & E.* 487 ; 2 *Saund.* 418.

*Appleton,* for the plaintiff, cited *Bancroft v. White*, 1 *Caines* 185 ; *Hitchcock v. Harrington*, 6 *Johns.* 291 ; *Collins v. Torrey*, 7 *Johns.* 278 ; *Embree v. Ellis*, 2 *Johns.* 119 ; *Kimball v. Kimball*, 2 *Greenl.* 226 ; *Hitchcock v. Carpenter*, 9 *Johns.* 344 ; *King v. Stacy*, 1 *D. & E.* 4 ; 3 *Com. Dig. Estoppel D.* ; 5 *Dane's Abr. ch.* 160, *art.* 1 ; 4 *Bac. Abr.* 107.

MELLEN C. J. delivered the opinion of the Court in *Cumberland*, at the adjournment of *May* term in *August* following.

The plaintiff demands her dower in two tracts of land ; one of the tracts contains six acres ; of which she has not been endowed. As to the other tract, she has had her dower assigned to her in one moiety of the same ; and, unless upon the principle of estoppel, she is not entitled to dower except in one moiety of this tract ; nor in any part of the six acres ; because *Thomas Nason* was not seised of the freehold, but only the inheritance of the tract of six acres, during the coverture ; nor of more than one moiety of the other tract. It

appears that although such was the seisin of *Thomas Nason*, still, on the 6th of *May* 1824, by his deed of that date, he conveyed both the lots in fee and in mortgage to *Allen* the tenant, who afterwards commenced an action, counting on the mortgage deed, and recovered judgment for the premises, that is, both tracts. And the counsel for the plaintiff contends that as the defendant claims the premises under the deed of her husband, with the usual covenants of seisin and warranty, and also under the judgment he has recovered, he is on legal principles estopped to deny the seisin of the husband as alleged in the writ. If he is so estopped, then the facts set forth in the statement, shewing that the husband was not so seised during the coverture, are to be considered as out of the case, and so are not to be regarded. We place the cause on this ground, because we do not perceive that the release from the tenant to *Thomas Nason*, bearing date *March* 31, 1815, can have any bearing in the decision of it. The question then is, whether the tenant is estopped to deny the alleged seisin of the husband?

In the case of *Taylor*, 54 *Eliz*. (cited in *Sir W. Jones*, 357) it was held that if a tenant at will, or for years, made a feoffment in fee and died, and his wife brought dower against the feoffee, he could not plead that the husband was not seised. In that case it was evident that, independent of the estoppel, there was no estate in the husband, whereof the wife was dowable. In *Bancroft v. White*, 1 *Caines* 185, the same principle was urged by counsel and admitted by the court. In *Hitchcock & ux. v. Harrington*, 6 *Johns*. 290, the facts were, that the former husband of *Ann Hitchcock*, one of the plaintiffs, was *Moses Northop*; and the defendant claimed under a conveyance from the son and heir of *Northop*. *Kent C. J.* in delivering the opinion of the court says, " The objection of the want of seisin in the husband cannot be received from the defendant, as he holds under the husband, by a conveyance from his son and heir. In *Collins v. Torrey*, 7 *Johns*. 278, the same principle was recognized and applied. In *Hitchcock & ux. v. Carpenter*, 9 *Johns*. 344, it appears the wife's former husband was one *Ferris*, and the defendant claimed to hold under the heirs of *Ferris*. The court say, " as the defendant claims under the heirs of *Ferris*, he is estopped from

denying the seisin and death of the former husband of the demandant."
In *Kimball v. Kimball*, 2 *Greenl.* 226, the same principle was adop-
ted by this court. In that case the defendant claimed under the deed
of the demandant's husband. A similar case came before us in the
county of *Kennebec,* and was decided in the same manner. The
decision was not reported. In the cases above mentioned, the de-
fendants claimed and held by virtue of absolute conveyances ; where-
as, in the present case, the defendant claims and holds as mortgagee,
and under a judgment on the mortgage ; but we are not aware that
the difference in fact makes any in principle. The defendant claims
title under it, and he may avail himself of the covenants in the deed,
after his title shall have become absolute, and dower been assigned
to the plaintiff, and recover such damages as he may sustain in
consequence of the assignment of dower. *Porter v. Noyes,* 2
*Greenl.* 22. And if the estate should never be redeemed, then the
defendant could never suffer any injury by reason of such assignment.
There must be dower assigned to the demandant in the six acres,
and in one moiety of the other tract ; her dower in one moiety of
the same having already been assigned to her ; and judgment be en-
tered accordingly ; and for such damages as may be asssessed by
the person appointed by the court for that purpose.