MARCIA L. HAMBLIN *versus* PRESIDENT, DIRECTORS & Co. OF THE BANK OF CUMBERLAND.

MEM.— Emery J. and Shepley J. being interested, took no part in the hearing or decision of this cause.

Where two persons convey land by deed of warranty with covenants of seizin, the grantee and all claiming under him are estopped to deny the seizin of each grantor in a moiety of the premises thus conveyed.

The demandant in dower is entitled to recover according to her title, though in her demand on the tenant to have dower assigned, she claimed dower in the whole premises when she was by law entitled to dower of a moiety only.

Proof that two persons jointly and equally built two houses in a block — that they divided by parol — that each occupied, sold, and received the proceeds arising from the sale of the house to him belonging, is not sufficient to prove such sole seizin as to enable a widow to recover dower in the house assigned to her husband.

THIS was an action for dower in certain lands described in the demandant's writ, which was dated Feb. 4, 1840. The demandant proved her marriage with Eli Hamblin, and his death, and that she had duly made a demand for dower on the tenants, Dec. 4, 1839. She also introduced a contract, dated June 22, 1836, between James Smith and Eli Hamblin, reciting a purchase by Smith from Hamblin, the demandant's husband, of the estate in which dower was claimed — a deed acknowledged June 22, 1836, James Smith and wife to Eli Hamblin — a deed dated Dec. 10, 1836, from Eli Hamblin and Joseph G. Hamblin, conveying the premises to James Smith — a deed from James Smith to Roscoe G. Greene, in mortgage, and an assignment of the same from Smith to the tenants, who were admitted to be in possession of the premises whereof dower was demanded.

The tenants introduced, subject to all legal objections, a deed dated Aug. 3, 1835, from Alfred Dow and Betsey N. Dow, conveying the land in dispute to Joseph G. Hamblin.

Upon this evidence, it was insisted by the counsel for the tenants, that the legal seizin passed from Joseph G. Hamblin — and that there was no evidence that Eli Hamblin had ever been seized — but WESTON C. J., who tried the cause, ruled that the

tenants, deriving their title under the deed executed by Eli and Joseph G. Hamblin, were estopped to deny that Eli Hamblin was seized of a moiety of the premises.

To establish the right of the demandant to be endowed of the entire premises, her counsel offered to prove that Eli and Joseph G. Hamblin built equally and jointly two houses in one block, the expenses of which were settled upon that basis between them — that they divided said houses by parol — Eli taking the house in controversy, and Joseph G. Hamblin taking the other — that Joseph G. sold his by deed to one Chadbourn and received exclusively the proceeds of such sale — that Eli sold the other house as his own to James Smith, pursuant to the agreement of June 22, before referred to, and his subsequent deed, and that he received exclusively the proceeds of such sale; and the signature of Joseph G. Hamblin to the deed to Smith, under which the tenants claim, was affixed only by way of greater caution on the part of the grantee.

The counsel for the demandant on this evidence contended, that upon the above evidence, in connection with the admissions of Smith in the contract of June 22, it was competent for the jury to find that Eli was sole seized, and that the demandant was entitled to be endowed of all she has demanded — but the presiding Judge, being of opinion that the evidence offered could not have the effect to prove sole seizin of the husband of the demandant in the whole, excluded it.

The counsel for the tenants objected to a recovery by the demandant of dower in a moiety, because the demand varied from the title, and because dower was not demandable of a moiety until after a division of the premises — but these objections were overruled, and the jury found the demandant entitled to dower in a moiety, subject to the opinion of the Court. If in their judgment any of the points taken by the tenants are decisive against the demandant's recovery, the verdict is to be set aside and the demandant is to become nonsuit. If the evidence offered by the demandant and rejected ought to have been received, or the evidence by her objected to and received ought to have been rejected, the verdict is to be set aside and

a new trial granted. But if the verdict is in conformity with the law of the case, judgment is to be rendered thereon.

*Haines,* for the tenant. The husband of the demandant was never seized of the premises in which she claims dower. The title was in Joseph G. Hamblin, and the tenant's title is perfect without any reference to that of Eli Hamblin. If the signature of Eli was affixed only by way of precaution, the intention of the parties should govern, and the deed given may be regarded as any species of assurance to carry out the intention of the parties. *Dolf* v. *Bassett,* 15 Johns. 21 ; *Marshall* v. *Fisk,* 6 Mass. R. 32.

A demand is indispensably requisite to enable the demandant to recover. Stearns on Real Actions, 313. Here the demand, exceeding the plaintiff's title, is bad — she having demanded more than her right.

*F. O. J. Smith, contra.* The demand was sufficient. In a demand for dower all that is required is, that the description of the land should be such as to give notice to the tenant to what land the demand refers. *Atwood* v. *Atwood,* 22 Pick. 286 ; *Baker* v. *Baker,* 4 Greenl. 69.

The tenants claiming under the husband of the demandant are estopped to deny his title. *Bancroft* v. *White,* 1 Caines, 185 ; *Hitchcock* v. *Carpenter,* 9 Johns. 344 ; *Collins* v. *Torry,* 7 Johns. 278 ; *Hitchcock* v. *Harrington,* 6 Johns. 290 ; *Kimball* v. *Kimball,* 2 Greenl. 227 ; *Hains* v. *Gardner,* 1 Fairf. 381 ; *Nason* v. *Allen,* 6 Greenl. 243 ; *Smith* v. *Ingalls,* 1 Shepl. 287 ; *Moore* v. *Esty,* 5 N. H. Rep. 489.

The demandant was entitled to dower in the premises, and the evidence rejected should have been received. *Dolf* v. *Bassett,* 15 Johns. 21.

The opinion of the Court was delivered by

WESTON C. J. — It appears that the fee of the whole land, in which dower is demanded, had been in Joseph G. Hamblin. The evidence offered by the demandant is not sufficient to justify the jury in finding that Eli Hamblin, her husband, after-

wards became sole seized. By the subsequent occupancy of both, the fee would remain according to the legal title. Eli having built by the consent of Joseph, might have held or sold his house as personal property. The parol division of the two houses, if it was intended to embrace the land, could not have the effect to put Eli in the legal seizin of it. And in the judgment of the Court, sole seizin in Eli could not be legally made out by the evidence offered and rejected. The opposite doctrine cannot be sustained, in conformity with our law, from the case of *Dolf* v. *Bassett*, 15 Johns. 21, which is, as the court admit, obscure in its facts, and it does not appear to be very clear in its principles.

The resemblance is so strong between this case and that of *Hains* v. *Gardner & al.* 1 Fairf. 383, that in the opinion of the Court, the tenants, holding under the deed of Joseph G. and Eli Hamblin, ought not to be received to deny the seizin of Eli in a moiety. He might have held the house, as personal property. That constituted the principal value of the premises. By uniting in the deed, the house passed to the grantee, which being the personal property of Eli, would not have passed, if the deed had been executed by Joseph alone. *Russell* v. *Richards & al.* 1 Fairf. 429. The deed contains the usual covenant of seizin, which is the covenant of both the grantors. Thereby Joseph, who previously had the title, covenants that Eli is seized as well as himself. Looking at that deed alone, the legal effect of it undoubtedly is that a moiety passed from each; and nothing is perceived in the case, which can entitle the tenants to controvert this result.

If the demandant claimed of the tenants dower in the whole, when she was entitled only to dower in a moiety, as the premises were truly described in her written demand, she may recover a less share, according to the title she has been able to verify. *Atwood* v. *Atwood*, 22 Pick. 283.

*Judgment on the verdict.*