ELIZABETH K. STIMPSON *versus* PRESIDENT, &c. OF THOMASTON BANK.

Where two grantors conveyed land, by deed of warranty in common form, without any designation of the manner in which it was held by them, and one of the grantors died, and his widow brought her action of dower, claiming to be endowed of one half the premises granted, *it was holden* by the Court, that the grantee was estopped by his deed, from showing, that the living grantor was seized in severalty of a much greater proportion of the premises described in the deed, and the deceased, of a much less one, than an undivided moiety thereof.

Statement of facts : —

" This is an action of dower. The writ is dated June 1st, 1846. The dower was duly demanded on the 12th day of Dec. 1845.

" The demandant claims dower as the widow of Brown Stimpson, late of Thomaston, in this county, deceased, and the marriage is admitted, as having been duly solemnized, January 1st, 1809, and that the husband died in 1838.

" The demandant puts into the case an office copy, duly certified, to be used as the original, of a deed from said Brown Stimpson and Elizabeth Sawyer, to the defendants, dated March 10, 1828, of the premises in which dower is demanded, acknowledged March 12th, 1828, and delivered to the defendants, and by them procured to be recorded March 14, 1828. This deed is made a part of the case.

" The general issue is pleaded, with a brief statement, which may be referred to.

" The defendants put into the case, a deed from Miles Cobb and wife, to Elizabeth Sawyer, of August 12, 1823, of a part

of the lot, described in the deed of Sawyer and Stimpson, to the defendants; also a duly certified copy of a deed, from Benjamin Bussy to said Brown Stimpson, dated August 15, 1827, of the residue of said lot, both duly acknowledged and recorded.

" These deeds embrace the whole land, described in the deed from said E. Sawyer and B. Stimpson, to the defendants, being the same, wherein dower is demanded in the plaintiff's writ.

" It is admitted to be true, (provided the defendants are entitled by law to put the same in evidence, in defence of this case,) that no evidence of title, in said Brown Stimpson, can be found among the records of this county, to the land described in the deed from Miles Cobb to Elizabeth Sawyer. And defendants offered to prove, (so far as a negative can possibly be proved,) that said Stimpson never had any right, title or interest in and to the land conveyed by Miles Cobb to Elizabeth Sawyer.

" For the purpose of presenting at this time, to the full Court, the questions of law in the case, the plaintiff admits that the defendants set out to her in due form, Sept. 3d, 1842, her dower in and to the lot of land described in the deed of said B. Bussy to B. Stimpson.

" At the time of the conveyance of Elizabeth Sawyer and Brown Stimpson, to the defendants, said Stimpson occupied the premises, residing in a part not embraced in that portion wherein the defendants have assigned dower as aforesaid, said Elizabeth Sawyer, his mother-in-law, living with him and having her home in his family.

" The above named deeds, offered by the defendants, are objected to by the plaintiff as inadmissible.

" The full Court, upon the evidence thus offered, or upon so much of the same as is legally admissible, is to render such judgment as to law and justice may appertain."

" G. Abbott & Lowell, for demandant.

" Ruggles & M. H. Smith, for defendants."

From a sketch, made by one of the counsel, and conceded truly to represent the premises, it appeared, that but a small portion of the premises described in the deed, from Sawyer and Stimpson to the tenants, was included in the deed from Bussy to Stimpson, the principal part having been conveyed by the deed from Cobb to Sawyer.

The following is a copy of the deed from Sawyer and Stimpson to Thomaston Bank : —

" Know all men by these presents, that I, Elizabeth Sawyer of Thomaston, in the county of Lincoln and State of Maine, widow, and Brown Stimpson of said Thomaston, in consideration of ten hundred and seventy-five dollars paid by the President, Directors and Company of the Thomaston Bank, the receipt whereof I do hereby acknowledge, do hereby give, grant, sell and convey unto the said President, Directors and Company of said Bank, a certain lot of land situated in Thomaston aforesaid, on the south side of the county road, and bounded, beginning at a stake and stones on the south side road at land of Mrs. Sampson ; thence southerly by the same seventeen rods to stake and stones at Mr. Bussey's land ; thence westerly parallel with the county road, eighteen rods and four and one half links ; thence northerly bounded by land of said Bussey and land of Rowland Hatch, seventeen rods, to the road aforesaid ; thence easterly by the same to the place of beginning, containing two and one half acres, more or less, together with a large building thereon standing ; being the same land which was conveyed to said Sawyer, by Miles Cobb and B. Bussey, Esq. Excepting therefrom a road across the same which was deeded to said Bussey. To have and to hold the aforegranted premises to the said President, Directors and Company, their heirs and assigns, to their use and behoof forever. And we do covenant with the said President, Directors and Company, their heirs and assigns, that we are lawfully seized in fee of the aforegranted premises ; that they are free from all incumbrances ; that we have good right to sell and convey the same to the said President, Directors and Company, that we will warrant and defend the same premises

to the said President, Directors and Company, their heirs and assigns forever, against the lawful claims and demands of all persons.

" In witness whereof the said Elizabeth Sawyer and Brown Stimpson have hereunto set our hands and seals, this tenth day of March, in the year of our Lord one thousand eight hundred and twenty-eight.

" Elizabeth Sawyer, and a seal,

" Brown Stimpson, and a seal.

" Signed, sealed and delivered in presence of

" E. H. Stimpson."

*G. Abbott*, for the demandant.

In order to constitute a title to dower, three things are required by law — marriage, seizin and death. The first and last are admitted. And it is the seizin of the late B. Stimpson in the estate described in the deed of Cobb to Sawyer, that is attempted to be controverted by the defendants.

We claim dower in one moiety of the whole estate, covered by the deed from Elizabeth Sawyer and Brown Stimpson to the defendants. This deed, it will be perceived, is from two grantors, Mrs. Sawyer and Brown Stimpson — that the defendants hold under this deed —that they have treated it with all of the solemnities of a deed — by procuring it to be recorded, within four days after it was executed — and still claiming and holding title under it. And further, I would call the attention of the Court, to the covenants of warranty and seizin in this deed, under which the defendants hold their title. It contains all the usual covenants that are in any deed of warranty. The covenants in this deed are joint covenants.

We contend that the defendants are estopped from denying the seizin of Brown Stimpson, the late husband of the demandant, in one moiety of the premises, in which dower is claimed; and we oppose the introducing of evidence by the defendants, that would have any tendency to controvert such seizin of Brown Stimpson, in one moiety. If this position be correct, then is the plaintiff entitled to dower in one moiety. That a person holding under conveyances in fee, deduced from the

husband of the demandant, in dower, is estopped, from controverting the seizin of the husband, is a principle of law, that has long been firmly established by numerous decisions in this Court, and in New York. *Kimball* v. *Kimball*, 2 Greenl. 226; *Nason* v. *Allen*, 6 Greenl. 243; *Hains* v. *Gardner*, 1 Fairf. 383, and cases there cited, by plaintiff; *Smith* v. *Ingalls*, 13 Maine R. 284.

"Where two persons convey land, by deed of warranty with covenants of seizin, the grantee and all claiming under him, are estopped to deny the seizin of each grantor in a moiety of the premises thus conveyed," is the law as laid down by this Court, in *Hamblin* v. *President, Directors and Company of the Bank of Cumberland*, 19 Maine R. 66; and apply the same doctrine to case under consideration, and the plaintiff is entitled to her dower as contended for.

The occupation and actual possession of the premises, by Brown Stimpson, at the time of his conveying with Mrs. Sawyer to the defendants, is evidence of his seizin, in one moiety of the whole estate conveyed, and goes to establish or strengthen the legal construction as laid down in *Hamblin* v. *Bank of Cumberland*.

It is sufficient for the demandant in dower, to show her husband's possession during the coverture; it is then incumbent on the defendant, to show a paramount title in himself. *Knight & ux.* v. *Mains*, 3 Fairf. 41.

*M. H. Smith*, for the tenants, said that the land owned by Elizabeth Sawyer lies contiguous to that owned by Brown Stimpson, but that the latter never owned any portion of, or had any interest in the land owned by Sawyer. It is said on the part of the demandant, that we cannot be permitted to deny, that Sawyer and Stimpson owned in moieties. The claim of the demandant to maintain this action rests entirely upon the application of the law of estoppels to the deed of Sawyer and Stimpson to the tenants.

In order to maintain the estoppel, it must be shown not only, that the tenants are estopped to deny that Brown Stimpson had any title in the land, but to maintain also a very

different position, that the tenants are estopped from showing what part, or how much, he had title to ; or in other words, that the tenants, by receiving the deed, acknowledged that E. Sawyer and B. Stimpson were tenants in common of the land, and also acknowledged, that they each owned an undivided moiety of the land. The demandant from thence would infer, that the tenants are estopped from showing, that Sawyer owned more than a moiety, and B. Stimpson less. The demandant can recover, it is believed, only by extending the odious doctrine of estoppel still further, with the certainty, that manifest wrong and injustice will be effected by it. It has been said, and with much reason, that there is no principle, and nothing but precedent, to justify the application of the doctrine of estoppel to a case of dower. 2 Smith's Leading Cases, 454 to 479, and note of Mr. Hare. She is no party to the deed, and cannot claim an estoppel by virtue of it.

But it is not necessary for the tenants to say, that Brown Stimpson was not seized. They merely say, that he was not seized and owner of one half of the premises in which dower is now claimed, and they merely claim to be allowed to show of what portion of the premises he was seized and owner of, and what portion his co-grantor. The grantees make no other admission by receiving the deed, but simply that the two grantors owned the land. They, therefore, are not estopped to deny any thing not inconsistent with that. The Court, it is said, will protect the rights of widows. The present demandant claims that the Court should grant her rights, which she never had before. Suppose A and B to be tenants in common, each having a wife. A owns nineteen twentieths and B one twentieth. They convey the land by deed in common form, without reciting the proportions owned by each, to C. A and B both die. Is A's widow to have dower in but one half, and B's to have an equal share with her ?

The best authorities go merely to the extent, that in a case like this, the grantee is estopped to deny, that the grantor had nothing in the land. Jacob's Law Dic. Estoppel ; 4 Dane, 448. The principle of estoppel, as applied to deeds, is, that the deed

is to be conclusive as to the point intended to be affected by it, and no more. 1 Shower, 59. The case of *Hamblin* v. *Bank of Cumberland,* 19 Maine R. 66, has been cited by the counsel for the demandants to show, that where two persons convey land by deed of warranty, that the grantee is estopped to deny the seizin of each to a moiety. Such is the Reporter's note, but the note is not authorized by the opinion of the Court. An estoppel, not being favored by the law, ought to be certain to every intent, and therefore, if a thing be not directly and precisely alleged, it shall be no estoppel. Co. Litt. 352, (a) and 303, (a); 2 Saund. 418; 5 Dane, 383; 4 Greenl. 214; Cro. Eliz. 36.

If an estoppel exists it must of necessity be mutual; but it cannot therefore be said, that where a husband has conveyed, and dower is claimed, that the real nature of the estate may not be shown. 3 Bing. 69.

*Ruggles,* on the same side.

*Abbott* replied.

The opinion of the Court, WHITMAN C. J., SHEPLEY, TENNEY, and WELLS Justices, was drawn up by

TENNEY J. — The plaintiff claims dower in a tract of land, described in her writ. Her right to be endowed in the premises, depends upon certain deeds, referred to in the case, and facts agreed by the parties, so far as the deeds and facts are competent evidence. The marriage, the death of the husband and demand that dower be assigned, are admitted as alleged in the writ. It is conceded by the tenants, that the husband of the plaintiff was seized during the coverture of a portion of the premises; and by the plaintiff, that dower has been assigned to her therein; but the seizin of the husband in the residue, is denied by the tenants.

To show that the husband of the plaintiff was seized of the whole tract, she introduced the joint deed of the husband and one Elizabeth Sawyer to the tenants, covering all the land in which dower is claimed, containing the usual covenants

of seizin, that the premises were free of incumbrances, that
they had good right to sell and convey the same, and that they
would warrant and defend the same, against the lawful claims
and demands of all persons.   At the time of this conveyance,
the husband occupied the premises, residing on a part not em-
braced in that portion, wherein the tenants have assigned
dower, the said Elizabeth, the other grantor, at the same time
living with him, and having her home in his family.   The ten-
ants introduced deeds, showing that the husband had title to
the portion in which dower had been assigned, and that the
other grantor had title to the residue of the premises.   It is
admitted by the plaintiff, that the records of this county exhibit
no evidence of any title of the husband to the portion last re-
ferred to.   All this evidence offered by the tenants is objected
to by the plaintiff, as being incompetent.   The deed to the
tenants from the husband and Elizabeth Sawyer was the only
evidence of the title of the former ; and hence it is contended
by the plaintiff, that the grantees therein are estopped to deny
the affirmations contained in the deed under which alone they
claim.   .

The tenants insist that the common law doctrine of estop-
pel is not applicable, because the plaintiff is a stranger to that
deed, and is not bound by any thing therein contained, so that
she would be precluded from showing, that her husband was
seized of a greater portion of that land described, than a moie-
ty ; and that estoppels cannot be admitted unless they are
mutual.   " Every estoppel ought to be reciprocal, that is, to
bind both parties ; and this is the reason, that regularly a
stranger shall neither take advantage nor be bound by the es-
toppel."    Co. Litt. 352, a.    And in accordance with the
principle contended for, would, seems to be the decision in the
case, *Gaunt* v. *Wainman*, 3 Bingham's N. C. 69, where the
plaintiff therein claimed dower in land conveyed to the de-
fendant by her husband as *freehold,* in which she was dowable,
if it were freehold ; the defendant proved, that the premises
were *leasehold,* in which estate she was not entitled to dower.
It was objected that the tenant was estopped to offer this

proof against the deed under which he claimed title; the verdict was entered against him with leave to move to set it aside. The Court say, " I think this is a case, in which the defendant is not precluded from showing the real nature of the estate. According to Co. Litt. 352, a, " Every estoppel ought to be reciprocal, that is, to bind both parties; and this is the reason, that regularly a stranger shall neither take advantage, nor be bound by the estoppel. It would be hard, if it were otherwise, and therefore the rule must be made absolute." In *Osterhout* v. *Shoemaker,* in New York, 3 Hill, 518, the ground that the acceptance of a deed of real estate is a necessary estoppel, against denying the title of the grantor, at common law, is not defended, but the principle was, that if *possession* was obtained from the grantor under the deed, he might enforce the estoppel. And it was intimated in the same case, that the grantee of the husband is estopped from denying the widow's title to dower, because the rule was so settled in that State, rather than by any sound principle. But in this State, the husband's grantee has been estopped by the affirmation in the deed under which he held, by the uniform current of decisions; the purchaser buying the property subject to dower, is to be regarded as taking his title in effect of the wife as well as the husband, and therefore, she is not a stranger, so far as to be precluded from enforcing the estoppel. In New York, and in other States, the doctrine, which has governed the Court in this State, has been admitted to be true, and cases decided accordingly. In *Bancroft* v. *White,* 1 Caines, 185, it was held, that a person holding under conveyances in fee, deduced from the husband of the demandant in dower, is estopped from controverting the seizin of the husband. The same principle is recognized in *Hitchcock* v. *Hutchinson,* 6 Johns. R. 290, and affirmed in *Collins* v. *Torrey,* 7 Johns. R. 278; in which the Court say, " the tenant derives his title from and holds under the title of the husband of the demandant, as it existed during the coverture, and he therefore is not permitted to deny the seizin of the husband. *Hitchcock* v. *Carpenter,* 9 Johns. R. 344. This Court hold the same doctrine, in *Kim-*

*ball* v. *Kimball*, 2 Greenl. 226. In *Hains* v. *Gardner & al.* 1 Fairf. 383, it is said, "This Court has repeatedly recognized the principle, that a person holding under a conveyance in fee from the husband of the demandant in dower is estopped from controverting the seizin of the husband." In the case of *Nason* v. *Allen*, 6 Greenl. 243, and in *Smith* v. *Ingalls*, 1 Shepl. 284, the husband was not in fact seized of an estate which would have entitled the widow to dower, but as the tenant in each case held under the husband alone, the Court applied the doctrine of estoppel to him.

It is contended, further, that the principle of estoppel does not apply, where any interest passes from the grantor to the grantee, but only where the grantor had nothing in the land. The cases referred to in support of this proposition are those, where a less estate was conveyed, than that, which might be inferred from the terms in the deed; "and one shall not plead my deed to a double purpose, as an estoppel, and passing an interest to him also." 5 Dane's Ab. p. 383, art. 1, sect. 22. Though a lessee is estopped from showing that his lessor had no title to the premises demised, yet he may show, that he was entitled to a particular estate, which has expired. *Neave* v. *Moss*, 1 Bing. 380; *Walton* v. *Waterhouse*, 2 Wms. Saunders, 418 and notes. But it is believed, that this principle is not applicable to a deed purporting to be a conveyance in fee of two parcels of land, to one of which only the grantor had title or seizin. The deed in the case of *Nason* v. *Allen*, before cited, contained the description of a parcel of land to which the grantor had no seizin, and also of another parcel, where the right of dower was not resisted, and the grantee was held estopped to deny the seizin of the husband. And there cannot be a distinction between such a case, where two parcels of land are described, the grantor having title to one only, and the case, where the two parcels are embraced in one description. And in this respect, it is not material, whether the deed be from the demandant's husband alone, or that of him and another jointly.

But it is insisted, for the tenants, that the deed under which

they claim, and which is relied upon as conclusive evidence of seizin, in the grantors, by the plaintiff, does not estop the tenants from showing what portion of the land belonged to one grantor, and what portion to the other; that they have not admitted, by receiving that deed to them and claiming under it, that both the grantors were seized of the entire land described therein; that proof of the fact, that each was seized of a certain portion in severalty, which together made the whole, and not of the residue, is no contradiction of the terms of the deed, but is an explanation consistent therewith.

The common law doctrine touching estoppel, requires, that it must be certain to every intent, and not taken by argument or inference, and should be a precise affirmation of that, which maketh the estoppel. Co. Litt. 352, (a). If the affirmation be wanting in these particulars, the truth cannot be excluded. In the case at bar, the tenants, therefore, are not precluded from denying any affirmation not stated in the deed with certainty, directness and precision. But on the contrary they are not allowed to contradict the facts affirmed, or to weaken the force of them, by other evidence, if they are stated with certainty, directness and precision. The language of the covenant of seizin in the deed is, " We do covenant with the said President, Directors and Company, their heirs and assigns, that we are lawfully seized in fee of the afore-granted premises." The deed is joint, and the grantors profess to convey the whole land, and not each a distinct parcel. The covenant of seizin is also joint. Stimpson covenants, that he and Elizabeth Sawyer are both seized of the whole land; and Elizabeth Sawyer does the same. An individual taking upon himself an obligation, or entering into a promise, covenants or promises in writing accordingly, is bound by such undertaking, and he cannot successfully resist his liability by the introduction of other proof, if inconsistent with the certain, direct and precise terms of the contract. If the covenants or provisions in the same terms, are intended to be made by two jointly, the only modification of the writing required, would be the use of the names of the two or the plural,

instead of the one or the singular. One would be as certain, direct and precise as the other; nothing could depend upon argument. or inference in the construction of one more than the other. If two persons give a joint bill of sale of two distinct chattels, receive the consideration therefor and make delivery of the same, both vendors are equally bound to make good the damage, if the title to either should fail, though one might have been the exclusive owner of one, and the other of the other chattel before the sale, and it is not perceived that a covenant would not be held to be equally broad. If the tenants, at the time they took the deed, knowing the state of the title as it really was, and fearing that some defect existed in that portion which was claimed by Stimpson, and had required that the deed of the entire tract with all the covenants should be executed by both, it is not doubted, that the covenants would extend to the whole tract, and their supposed purpose be effected. If the conveyance had been simultaneously made by the several deeds of the grantors, each of a moiety in common and undivided, of the whole, the description and covenants being the same, no want of certainty, directness and precision would be manifest; the terms of conveyance, and the covenants would each have applied to the whole parcel, in common and undivided. *Hamblin* v. *Bank of Cumberland,* 19 Maine R. 66. And the force and effect of such a conveyance as has been supposed, would not be weakened, if the conveyance was by the joint deed of the two.

There is nothing in the facts agreed, tending to prove that if the two grantors were each seized of the whole premises, they were not seized of them in moieties, and therefore nothing to show, that the demandant's husband was not seized of a moiety, instead of a less undivided share.

The tenants are supposed to have known the state of the title, and possession of the whole parcel as it was, or certainly as the public records disclosed it, at the time of the conveyance. They chose to take the joint deed of the two several owners, both of whom were in possession, so far that the title and seizin of each portion was in harmony; they received

possession under the deed to them, and were seized according to the terms of the conveyance, and the covenant of seizin. They had the benefit of covenants of the two, for the whole, instead of each, for a separate portion. Under the decision in the case of *Osterhaut* v. *Shoemaker*, before cited, where it was held, that had possession gone with the deed, it might have been an estoppel, the ground taken by the plaintiff is sustained, though the correctness of the rule so broadly applied, as it has been in New York, is denied.

According to the agreement of the parties, there must be judgment for the plaintiff, for dower in an undivided moiety of the premises.