By the Court,

Nelson, C. J.
The only question presented in this case is, whether the plaintiff gave such proof of the seizin of her husband during coverture in the premises, as will entitle her to dower in the same, and as prevents the defendant from disputing the fact. The defendant offered to show that the husband never had title to the premises, but did not offer to show an eviction.
The ground assumed by the counsel for the plaintiff is, that the acceptance of a deed from the husband and possession of the premises under it, is an admission of the seizin by the grantee and all coming under him, and that they arc estopped from contradicting it, and several cases in this court wero cited to sustain this position (1 Caines, 185; 6 Johns. R. 293; 7 id. 281; 9 id. 344; 15 id. 21; 2 id. 124; 5 Cowen, 301; 12 Wendell, 65). The counsel for the defendant endeavored to distinguish this case from those heretofore *96 decided, upon the ground that no actual possession of the premises had been taken by the husband, or existed, before the deed to Fairchild, from which seizin could be implied, or if the taking of the deed and entry info possession was prima facie evidence of seizin as against Fairchild, and those claiming under him, it was not conclusive, and migt be rebutted.
In all the cases referred to it does appear that the husband had been [166] in the actual possession and occupation of the land, but that fact does not seem to have been specially relied upon, and in some of them is not noticed as a controlling circumstance. In Hitchcock v. Harrington (6 Johns. R. 290), Kent, C. J.,says, the objection of want of seizin in the husband can not be received fi om the defendants, as they hold under the husband by virtue of conveyances from his son and heir at law. Again, in Collins v. Torry (7 Johns. R. 273), the court say the tenant derives his title from and holds under the title of the husband of the demandant, as it existed during coverture, and he therefore is not permitted to deny the seizin of the husband. And again, in Hitchcock v. Carpenter (9 id. 344), as the defendant claims under the heirs of Ferris, he is estopped from denying the seizin and death of Ferris, the former husband of the demandant. He has affirmed that seizin by taking under the heirs; and that it was so considered by the court in the case of Hitchcock v. Harrington. Taylors case, cited from Sir "W. Jones, 317, was there referred to, where it was held, that if a tenant at will or for years made a feoffment in fee and died, and his wife brought dower against the feoffee, he could not plead that the husband was not seized. This case is mentioned as good law in all respectable treatises on dower (1 Cruise, 148, § 19; 2 Bac. Abr. 333, 37), n.; 1 Co. Litt. 665, n. g.; Park on Dower, 44). In a note of Mr. Gwillim, in Bacon, he remarks, that where a husband tortiously gains an instantaneous seizin, as against the person benefitted by and deriving an estate in virtue of such tortious act, the wife is entitled to her dower, and he refers to Taylor's case, and the reason given is, that since the feoffee received his estate from the feoffor, he is estopped to say the husband was never seized; and besides, in respect of the feoffee, the feoffor had an estate, though in regard to the disseizee he is a wrong doer (see also 2 Bac. Abr. 333, tit. Disseizin). It is laid down in some of the books, that this rule is not applicable to the feoffment of a tenant for life, but Mr. Park is inclined to think otherwise, p. 44 (Fitz. Nrt. Br. 352; May, 150, n.) It had before been remarked by this author, in his very valuable treatise, p. 37, that a mere naked seizin without right, or defeasible by title para-[167] mount, as that of a disseizor, abator, intruder, discontinue!-, or other person having the freehold and inheritance by wrong, is such a seizin as a dower will attach upon, as against all persons deriving title under such tortious or defeasible seizin, and until it shall be avoided by the entry or action of the person having right, or by operation of law called remitter (Banden v. Baugh, Cro. Car. 304, 5). And it is well settled at common law, that the heir or alienee of a disseizor can not be entered upon or ousted by the disseizee, except by the orderly course of law (3 Black. Com. 177, 178, 9, 180), The defeasible title in such a case, therefore, could only be determined by a judgment and execution under the paramount title.-
It is true that a conveyance by a feoffment, operated upon the possession without any regard to the interest or estate of the feoffor, so that to make it valid, nothing was wanting but actual possession, and therefore such a conveyance by a tenant for life or years with livery of seizin passed an estate in fee, and operated as a disseizin of the real owner. In this respect, it differs from our modern instruments of conveyance. But this difference exists more in name than in substance. The real owner had still a remedy by which he could become reseized. Under our modern deeds of conveyance, the grantee in fee, taking possession, may defend successfully his title and possession *97 against all the world except the true owner. This position he acquires by means of his conveyance and possession and until evicted by the paramount title, there seems to be no good reason for extending to him the favor of disputing the title under which he enters and holds. While undisturbed, he is enjoying the estate granted, and it is to be presumed that he lias provided by proper covenants against any future failure of title and eviction.
It seems to me also to he an immaterial circumstance in the case, that the grantor had not actual possession before or at the time of the conveyance to Fairchild. It did not affect prejudicially the legal operation of the deed or possession under it by the grantee. The title he acquired would have been no better if the grantor had been in the actual possession. The reason for the estoppel is the same.
It must be conceded that, if the husband had entered into a contract [168] of sale or given a lease for life or years, instead of this deed, the defendant would not be permitted to deny his title by way of defence to the claim of dower; or set up title in a third person. While occupying under his vendor or lessor, he is not at liberty to purchase in even a better title, and thus dispute the title by which he acquired the possession (14 Johns. R. 22; 7 Cowen, 637; 5 Wendell, 247). He would not be permitted to dispute the title of the heir of the lessor in an action to recover the remainder on the expiration of the lease; and I do not perceive how the claim of the widow-can be distinguished from that of the heir. She holds under the title of the husband, like the heir, and her interest is one which has never been sold oi parted with, and in this respect is like the estate or remainder recoverable by the heir. It has been decided in Jackson v. Watermire (5 Cowen, 299), that the same evidence of seizin which would entitle the heir to recover in ejectment will sustain an action for dower.
The soundness of this view is also confirmed by the consideration that the right of dower attaches if the estate be such that the issue or heir might by possibility inherit it. Now, in this case, if less than the whole estate had been conveyed to Fairchild by the husband, after the expiration of the estate granted, the defendant would have been bound to give up possession to the heir without disputing the title; and why should he not assign to the widow her dower which he has nv'ver acquired ? Her rights are as strong as those of the heir, and the hardship no greater in the one case than the other.
New trial denied.