[L. A. No. 92.   Department One.—January 11, 1896.]

ANSON H. POTTER, RESPONDENT, v. FRED AHRENS ET AL., APPELLANTS.

SALE—GOOD WILL—WRITTEN CONTRACT— ESTOPPEL OF MARRIED WOMAN AS VENDOR.—Where a husband and wife join in the sale of a business and goodwill, and they both covenant and agree with the vendees that neither of them will engage in or carry on a like business in the city where the business was conducted, the wife is estopped by the written contract of sale executed by her from denying her interest or title in the business or goodwill sold.

ID.—EVIDENCE OF OWNERSHIP—CONFLICT.—Where the evidence showed that the wife assisted her husband in carrying on the business sold, that they were apparently conducting it together, and that the business was community property, such evidence, taken in connection with her execution of the contract of sale jointly with her husband, is evidence tending to show ownership in her; and the testimony of the defendants that she was not interested in the property or the sale simply raised a conflict, which it was the province of the trial court to determine.

ID.—STIPULATION FOR LIQUIDATED DAMAGES—EVIDENCE—BREACH OF CONTRACT.— A contract for the sale of a business and goodwill, containing a covenant of the vendors not to engage in a like business in the same city, may properly stipulate a specified sum as liquidated damages for breach of the covenant, and such stipulation is not to be construed as a penalty; but the evident intention of the parties must control, and the plaintiff

is not required to prove anything more than a breach of the contract in order to recover the stipulated damages.

ID.—RECOVERY BY REMAINING PARTNER—CONSTRUCTION OF CONTRACT.— Where the covenant not to engage in business was made with the vendees as partners, and expressly provided that in case of dissolution of the partnership the covenant should inure to the benefit of the remaining partner, and, in case of a sale of the business by the partnership, should inure to the benefit of their assigns, the provision cannot be limited to a stipulation to pay the partners jointly, or the assigns of both of them; but it inures by its terms to the remaining partner in case of dissolution of the firm, and such remaining partner may recover the stipulated damages without an assignment from the firm.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*Anderson & Anderson,* and *H. Bleecker,* for Appellants.

Since a contract in restraint of trade can only be made by a person selling the goodwill of a business, this contract must be held void as to Mrs. Cresence Ahrens. (*Vulcan Powder Co.* v. *Hercules Powder Co.,* 96 Cal. 510; 31 Am. St. Rep. 242; Civ. Code, secs. 1673, 1674.) And as the covenant and judgment are both joint, the plaintiff must succeed as against both or neither. (*Sheldon* v. *Quinlen,* 5 Hill, 441.) Plaintiff should have proven the actual damage sustained by the breach of the contract. (*Hathaway* v. *Lynn,* 75 Wis. 186; Civ. Code, secs. 3300, 3359; *Eva* v. *McMahon,* 77 Cal. 467.) The stipulation for liquidated damages in any event must have a valid contract on which it may be founded. (Sutherland on Damages, sec. 280; *Valentine* v. *Stewart,* 15 Cal. 404; Pollack on Contracts, 322; Lawson on Contracts, secs. 340, 341.) An unreasonable restraint upon the vendors not necessary for the protection of the vendees is void. (*Mitchel* v. *Reynolds,* 1 Smith's Lead. Cas. 641.) In every case it must be proved that,' as a matter of fact before damages can be stipulated, it would be impracticable or extremely difficult to fix the actual damage. (Civ. Code, secs. 1670, 1671; *Patent Brick Co.* v.

*Moore,* 75 Cal. 209; *Pacific Factor Co.* v. *Adler,* 90 Cal. 110; 25 Am. St. Rep. 102; *Wilmington Transp. Co.* v. *O'Neil,* 98 Cal. 1.) In determining whether the sum named is liquidated damages or a penalty, the intention of the parties is immaterial. (*Pacific Factor Co.* v. *Adler, supra; Muldoon* v. *Lynch,* 66 Cal. 540; Sutherland on Damages, sec. 289; *Poppers* v. *Meagher,* 148 Ill. 192; *Bradstreet* v. *Baker,* 14 R. I. 546; *Davis* v. *United States,* 17 Ct. of Cl. 201; *Perkins* v. *Lyman,* 11 Mass. 76; 6 Am. Dec. 158; *Streeper* v. *Williams,* 48 Pa. St. 450; *Shreve* v. *Brereton,* 51 Pa. St. 175.) When a lump sum is named, the presumption is that it is a penalty. (*California Steam Nav. Co.* v. *Wright,* 6 Cal. 262; 65 Am. Dec. 511; *Monmouth Park Assn.* v. *Wallis Iron Works,* 55 N. J. L. 132; 39 Am. St. Rep. 633; *Nash* v. *Hermosilla,* 9 Cal. 585; 70 Am. Dec. 676; *Keck* v. *Bieber,* 148 Pa. St. 645; 33 Am. St. Rep. 849; *Doane* v. *Chicago Ry. Co.,* 51 Ill. App. 353; 1 Sutherland on Damages, sec. 292; 3 Parsons on Contracts, 1641; *Gray* v. *Crosby,* 18 Johns. 219; *Williams* v. *Dakin,* 22 Wend. 201.)

*Leon F. Moss,* for Respondent.

It is conclusively presumed that the seller of personal property intended to stipulate that he had title and the right to sell (Clarke on Contracts, 596; Civ. Code, sec. 1765), and he is estopped to deny he had title. (*Tewksbury* v. *Provizzo,* 12 Cal. 20; 2 Wharton on Evidence, par. 1147; Bigelow on Estoppel, 452.) Though a contract in general restraint of trade is void, one in partial restraint will be upheld if reasonable. (*Wright* v. *Ryder,* 36 Cal. 342; 95 Am. Dec. 186; *Brown* v. *Kling,* 101 Cal. 298; *City Carpet etc. Works* v. *Jones,* 102 Cal. 506; *Mitchel* v. *Reynolds,* 1 P. Wms. 181; *Chesman* v. *Naimby,* 2 Strange, 737; 3 Bro. P. C. 349; *Davis* v. *Mason,* 5 Term Rep. 118; *Proctor* v. *Sargent,* 2 Man. & G. 31; *Bunn* v. *Guy,* 4 East, 190; *California Steam Nav. Co.* v. *Wright,* 6 Cal. 258; 65 Am. Dec. 511; *Fisk* v. *Fowler,* 10 Cal. 517; *Schwalm* v. *Holmes,* 49 Cal. 665; *French* v. *Parker,* R. I., (May 17, 1888), 14 Atl. Rep. 870; 38 Alb. L. J.

237; *Diamond Match Co.* v. *Roeber,* 106 N. Y. 473; 60 Am. Rep. 464; *Live Stock Assn.* v. *Levy,* 54 N. Y. Super. Ct. 32; *Oregon Steam Nav. Co.* v. *Winsor,* 20 Wall. 64, citing Chitty on Contracts and many other cases; *Washburn* v. *Dosch,* 68 Wis. 436; 60 Am. Rep. 873; *Whittaker* v. *Howe,* 3 Beav. 383; *Presbury* v. *Fisher,* 18 Mo. 50, citing 2 Parsons on Contracts, 751; *Perkins* v. *Lyman,* 9 Mass. 522; *Stearns* v. *Barrett,* 1 Pick. 443; 11 Am. Dec. 223; *Palmer* v. *Stebbins,* 3 Pick. 188; 15 Am. Dec. 204; *Dunlop* v. *Gregory,* 10 N. Y. 241; 61 Am. Dec. 746; 92 Am. Dec. 751, note; 59 Am. Dec. 685, note; Parsons on Contracts, 747; 22 Am. Law Rev. 873; 26 Cent. L. J. 595, note; 27 Cent. L. J. 530, note; 95 Am. Dec. 193, note; 4 Am. St. Rep. 343, note; 1 Law Rep. anno. 456, note.) Damages for a breach of contract for the purchase of the goodwill of an established trade or business are uncertain and difficult to ascertain. Damages for the breach may be stipulated. (*Norman* v. *Wells,* 17 Wend. 136; 1 Sutherland on Damages, 507; *Williams* v. *Dakin,* 17 Wend. 447; 22 Wend. 201; *Baldwin* v. *Bennett,* 4 Cal. 392; *California Steam Nav. Co.* v. *Wright, supra; Fisk* v. *Fowler, supra; People* v. *Love,* 19 Cal. 676; *Streeter* v. *Rush,* 25 Cal. 68; *Lightner* v. *Menzel,* 35 Cal. 452; *Cummings* v. *Dudley,* 60 Cal. 383; *Coffee* v. *Meiggs,* 9 Cal. 363; *Duffy* v. *Shockey,* 11 Ind. 70; 71 Am. Dec. 348; *Brown* v. *Maulsby,* 17 Ind. 10; *Streeper* v. *Williams,* 48 Pa. St. 450; *Cushing* v. *Drew,* 97 Mass. 445; *Price* v. *Green,* 16 Mees. & W. 346–54; *Davis* v. *Freeman,* 10 Mich. 188; *Ryan* v. *Martin,* 16 Wis. 57; *Fisk* v. *Gray,* 11 Allen, 132; *Shreve* v. *Brereton,* 51 Pa. St. 175; *Maxwell* v. *Allen,* 78 Me. 32; 57 Am. Rep. 783; *Jaqua* v. *Headington,* 114 Ind. 309; *Mueller* v. *Kleine,* 27 Ill. App. 473; *Keeble* v. *Keeble,* 85 Ala. 552.)

VAN FLEET, J.—The court found, substantially as alleged in the complaint, that on the second day of May, 1893, the defendants were engaged in the business of preparing, dealing in, and vending all kinds of foreign and domestic delicacies for the table, such as prepared

meats, breads, cakes, pies, canned goods, and other household supplies of the kind; and were on said date the owners of a stock of such goods, together with furniture, ranges, etc., used by them in said business, at their place of business in the city of Los Angeles. That on said date defendants sold to plaintiff and one Andrew Wood their said stock of goods, furniture, etc., and the goodwill of the business, for the consideration of three thousand dollars; that upon the payment of said sum, and in consideration thereof, the defendants executed and delivered to said purchasers their certain contract in writing, wherein it was provided that " the said F. Ahrens and Cresence Ahrens covenants and agrees with the said Anson H. Potter and Andrew Wood that neither of us will engage in or carry on a like business in the city of Los Angeles, nor work for or assist anyone to engage in or carry on a business of the same kind or like nature. And in case of a dissolution of the partnership of the said Potter & Wood, this covenant shall inure to the benefit of the remaining partner, with like effect as though there had been no dissolution of partnership; and this covenant shall, in case of a sale of the business by said Potter & Wood, inure to the benefit of their assigns, with the same like force and effect as it would be to the said Potter & Wood had no sale been made; and in case of a violation of this covenant the said F. Ahrens and Cresence Ahrens agrees to pay to the said Potter & Wood, or to their assigns, the sum of three thousand dollars ($3,000) as liquidated damages. This covenant shall be binding for the space of six years from the date of the consummation of the said sale." That plaintiff and said Wood carried on said business for a time, but thereafter, on June 10, 1893, they dissolved partnership, and Wood sold and delivered to plaintiff his interest in said stock, business, and goodwill, and the latter has since continued said business at the same place. That on November 28, 1894, the defendant, Fred Ahrens, disregarding his said agreement, opened a store in said city, near plaintiff's place

of business, and began conducting a like business to
that referred to in said contract; that by reason of the
premises plaintiff had suffered damages in the sum of
three thousand dollars.

The court further found against defendants, upon a
special defense made by them, that said Cresence Ahrens
had no interest at the date of said sale in said business,
stock of goods, or goodwill, and that her signature to
said agreement had been procured by fraud.

Judgment was entered on the findings in favor of
plaintiff in the sum of three thousand dollars, and de-
fendants appeal therefrom, and from an order denying
them a new trial.

1. It is contended that there is no evidence to sup-
port the findings, in so far as they are to the effect that
the defendant, Cresence Ahrens, was interested in the
sale of the business or goodwill; and that, since a con-
tract in restraint of trade can only be competently made
by one who sells the goodwill of a business (Civ. Code,
secs. 1673, 1674), the contract in question must be held
void as to her.   Independently of the question as to
whether this defendant is estopped to deny her interest
or title by the written contract of sale executed by her,
which we think she clearly is (2 Wharton on Evidence,
sec. 1147), there is sufficient evidence in the record to
sustain the findings of the court in this respect.   It ap-
peared that she was the wife of her codefendant, and
assisted him in carrying on the business; that they
were apparently conducting it together; and that the
property in question had all been acquired during the
married life of the defendants, and with community
funds.   Furthermore, the execution by Mrs. Ahrens,
with her husband, of the contract of sale, was in itself
evidence of ownership in her.   The testimony of the
defendants, therefore, that she was not interested in the
property or the sale simply tended to raise a conflict
upon the point, which it was the province of the trial
court to determine.

2. It is further contended that plaintiff was not en-

titled to the amount of damages found by the court. No evidence was put in by plaintiff to establish any actual damages suffered, but, relying upon the stipulation on that subject contained in the contract of sale, plaintiff contented himself with showing a breach of the latter, and rested. As we have seen, the contract provided that for a violation of their covenant to refrain from engaging in a like business, the defendants agreed to pay to the purchasers, or to their assigns, "the sum of three thousand dollars as liquidated damages." Defendants contend that this provision was in the nature of a penalty, notwithstanding the amount therein designated is termed "liquidated damages"; and that plaintiff was required to prove the actual damage suffered by him, and be confined in his recovery to the amount so shown.

This contention is clearly untenable. While the definition of the parties in contracts of this character is not the invariable and controlling guide for construction, the subject matter of the contract in this case was such as in its very nature, in case of a breach, to render the proof of damages extremely difficult, if not impossible, and to manifestly make a case for liquidated damages. (*Norman* v. *Wells*, 17 Wend. 163; 1 Sutherland on Damages, 507.) Indeed, the difficulties arising in fixing the actual damages in instances of this kind has been generally recognized in the law, and is so recognized by our code, which makes provision by which parties may in such cases obviate the difficulty. By section 1671 of the Civil Code it is provided that "the parties to a contract may agree therein upon the amount which shall be presumed to be the amount of damages sustained by a breach thereof, when from the nature of the case it would be impracticable or extremely difficult to fix the actual damage." It is perfectly obvious from the terms of the agreement here that the parties, in making the stipulation in question, had in view the very obstacle above provided against, and intended to avoid it by fixing the amount of damages the pur-

chasers should be deemed to have suffered in the event
of a breach.  This purpose is clear and unmistakable,
and the purpose being competent, the intention must
be held effectual.  (*Streeter* v. *Rush,* 25 Cal. 68.)  In 1
Sutherland on Damages, page 507, the author says:
" The damages for breach of contract for the purchase
of the goodwill of an established trade or business are
so absolutely uncertain that courts have recognized the
fullest liberty of parties to fix beforehand the amount
of damages in that class of cases.  In the decision of
such cases the strongest expressions are to be found to
the effect that the intention of the parties must govern,
and that courts have no power to defeat that intention
on the pretext of relieving from a bad bargain."  In
view of the subject matter and terms of the contract
under consideration, we would not be at liberty to put
a construction upon the contract so absolutely at vari-
ance with the manifest intention of the parties thereto
as to hold that the stipulation here was a mere penalty.
None of the authorities relied upon by the defendants
tend to support such a view.  The plaintiff was entitled
to stand strictly upon the terms of the covenant, and,
having shown a breach, he was properly awarded the
amount fixed by the parties as his just redress.

3. There is nothing in the point that plaintiff is not
the proper party entitled under the covenant to recover
the damages therein fixed for its breach.  The only
construction that provision of the contract will bear is
that the damages are to be paid, in the event of breach,
to the purchasers, or to either one remaining in the
business in case of dissolution of their partnership, or
to their assigns in the event they shall sell to third par-
ties.  The clause cannot be limited, as contended by
defendants, to a stipulation to pay Potter & Wood,
jointly, or the " assigns" of both of them.  It inures
by its terms to the remaining partner in case of disso-
lution of the firm; and plaintiff is clearly the " remain-
ing partner" within the terms of the instrument.

4. The other points made are even less plausible of

merit than the foregoing, and we deem it unnecessary to consider them separately or at length.   It is sufficient to say that we have not overlooked them and that they involve no error.

The judgment and order are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.