[Sac. No. 962.   Department Two.—March 21, 1903.]

## J. W. C. POGUE, Respondent, v. KAWEAH POWER AND WATER COMPANY, Appellant.

CONTRACT FOR WATER RIGHTS—BREACH—AGREEMENT TO CONVEY—PENALTY—LIQUIDATED DAMAGES—RELIEF IN EQUITY.—An agreement by the defendant, in consideration of certain rights granted by the plaintiff, to divert a specified amount of water from a river, through a ditch to be completed to a certain point by a certain time, and to continuously and perpetually deliver the same to plaintiff at that point, and, in case of failure to do so, to convey certain rights to the plaintiff, is not to be construed as providing for a penalty, which a court of equity cannot enforce, but is to be construed as providing for such conveyance as liquidated damages, and equity will compel such conveyance where there is a substantial breach of the contract by the defendant.

ID.—DETERMINATION OF LIQUIDATED DAMAGES—APPLICATION OF RULE.— In applying the well-settled rule of construction for the determination of liquidated damages, as against a penalty, where the damages are uncertain and not measurable by any exact pecuniary standard, there is no difference between agreeing to pay a stipulated sum of

money, and agreeing to do any other act, such as giving a piece of property for a breach of contract, with respect to which the resulting damages are uncertain and not susceptible of computation and compensation in an action therefor.

APPEAL from a judgment of the Superior Court of Tulare County.  William O. Minor, Judge presiding.

The facts are stated in the opinion of the court.

Maurice E. Power, Charles G. Lamberson, and John D. Pope, for Appellant.

The court cannot enforce a penalty or forfeiture.  (Civ. Code, sec. 3369; *Keller* v. *Lewis*, 53 Cal. 111, 118; *McCormack* v. *Rossi*, 70 Cal. 474.)

Alfred Daggett, for Respondent.

This is a case of stipulated damages for breach of contract, it being impracticable or extremely difficult to fix the actual damages.  (Civ. Code, sec. 1671; *Parsons* v. *Smilie*, 97 Cal. 647, 654, 656.)  The judgment enforcing the conveyance as stipulated was warranted.  (*Liebrand* v. *Otto*, 56 Cal. 242; *Wolverton* v. *Baker*, 86 Cal. 592; *Klauber* v. *San Diego Street Car Co.*, 95 Cal. 353; *Parsons* v. *Smilie*, 97 Cal. 647; *Rayfield* v. *Van Meter*, 120 Cal. 420; *Quatman* v. *McCray*, 128 Cal. 285; *Richter* v. *Union Land Co.*, 129 Cal. 368; *Downing* v. *Rademacher*, 133 Cal. 224.[1])

McFARLAND, J.—This is an appeal by defendant from the judgment in favor of plaintiff, and is taken upon the judgment-roll alone.  There being no bill of exceptions, there is consequently no evidence before us, and no exceptions to any rulings of the court at the trial.  The only point made by appellant for a reversal is that the part of the judgment by which it is decreed that defendant convey certain property to plaintiff is erroneous, because it undertakes to "enforce a penalty or forfeiture" in violation of section 3369 of the Civil Code, and of what is claimed to be the general rule of equity on the subject of penalties.

The action is upon a certain written contract made by and

[1] 85 Am. St. Rep. 160.

between plaintiff, party of the first part, and defendant, party of the second part, on the fourth day of May, 1897. By that contract plaintiff agreed, in consideration of certain covenants of defendant, to convey to defendant a certain right of way for a ditch through lands of plaintiff; also certain water-rights of plaintiff as owner of lands riparian to the Kaweah River; also certain lands for the construction of a power-house, works for an electric-power, etc.; also the right to dig and bore on lands of plaintiff for the development of water, and to grant to defendant lands upon which water should be developed. In consideration of these and other covenants by plaintiff not necessary to be mentioned in detail, defendant covenanted to divert from said river nine cubic feet of water per second through a certain uncompleted ditch, which defendant agreed to complete on or before April 1, 1898, to a certain named point, and to "continuously and perpetually" deliver said amount of water at said point; and defendant covenanted that if it failed to complete the said ditch in the time specified, and to deliver said water as provided, all its rights under the contract should cease and determine, and further that "said party of the second part shall and will thereupon convey to said party of the first part all rights which the said party of the second part has heretofore acquired through deeds of rights of way or water-rights heretofore made and executed by the party of the first part to the Kaweah Irrigation & Power Company, a corporation, (of which last-named corporation the party of the second part is the successor in interest) which rights of way and water-rights are known as the Pogue, Wallace and Crocker ditch and the water diverted and carried thereby, which last-named ditch and water diverted and carried thereby and conveyed by said party of the first part to said Kaweah Irrigation & Power Company by deed made and executed on the fifteenth day of August, 1895." The court found that the defendant had entirely failed to perform any part of its covenants in said contract contained, and that, by such' failure, plaintiff has suffered great and irreparable damage and injury, "which damage and injury are not susceptible of computation or compensation in an action at law for damages," and decreed, among other things, that defendant convey to

plaintiff the said property which it agreed to so convey upon its failure to perform its part of said contract. And it is this part of the judgment decreeing such conveyance that defendant assails as erroneous because an attempt to enforce a penalty.

In the complaint and findings a great many facts are averred and found which led up to the contract on which this action is based. We do not think it necessary to attempt here to state these facts in detail. It is sufficient to make this general statement: "On May 7, 1895, plaintiff entered into a written contract with one A. G. Wishon in substance similar to the one sued on. Wishon caused the organization of a corporation called the Kaweah Irrigation & Power Company, to which, with plaintiff's consent, Wishon assigned the contract. Wishon and said corporation failed to perform their part of the contract. Afterwards the corporation defendant, the Kaweah Power & Water Company, was incorporated by the persons who had organized the said Kaweah Irrigation & Power Company, and the latter corporation was dissolved. The corporation defendant was the successor in interest of Wishon and the Kaweah Irrigation & Power Company in the matter of the contract. Plaintiff contends, and we think correctly, that the property decreed by the court to be conveyed by defendant to plaintiff was property which plaintiff had conveyed to defendant and its predecessors in the contract and for the purpose of enabling them to carry out their contract, and upon condition that they should do so, and that the part of the judgment objected to merely decrees that defendant shall restore to plaintiff the property involved in the contract. Under these facts, and indeed upon the face of the contract itself, the covenant by defendant to convey the property to plaintiff upon defendant's failure, is not a penalty within the meaning of the principle of law invoked. It is in the nature of a provision for liquidated damages in a case where, from the character of the transaction, the damages for failure to perform would not be susceptible of computation in damages. The distinction between penalty and liquidated damages is clearly stated in *People* v. *Love,* 19 Cal. 677, and cases there cited. As there said, it matters not what particular terms are used in the contract; even if

the thing to be done be called a "penalty," or "liquidated damages," or given no name at all, it will be treated according to the evident intent of the parties and the subject-matter of the contract. The court there say: "For determining whether a specified sum was intended and must be treated as a penalty or as liquidated damages, it is a well-established principle of construction that it will be treated and enforced as liquidated damages where it is agreed to be paid for doing or failing to do an act in respect to which damages are uncertain and not measurable by any exact pecuniary standard. (2 Story on Contracts, sec. 1021; *Bagley* v. *Peddie*, 5 Sand. 192.) In view of these rules, considering the whole language of this recognizance, the character of the act to be performed, and the impossibility of measuring the damages upon a default by any pecuniary standard, there can be no difficulty in deciding that it was intended by the parties, and is valid and may be enforced, as a simple undertaking to pay the sum specified. Although this recognizance, in the particulars we have been considering, and in some others, is not in exact conformity with the form given in the statute, it is so substantially." And in such a case there is evidently no difference between agreeing to pay a stipulated sum of money, and agreeing to do some other act, as to give a certain piece of property, for failure to perform a contract with respect to which the damages to result from the failure are uncertain and not susceptible of computation and compensation in an action for damages.

The judgment appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.