# Minge & Co. *v.* Barrett Bros. Shipping Co.

## *Detinue.*

(Decided June 9, 1914.   65 South. 671.)

1. *Detinue; Title to Support; Pledges; Sales.*—The contract or agreement between the parties examined and held not to support an action of detinue, but as being an executory contract for the breach of which an action would lie; a mere equitable title or right resting on an executory contract not being such a right or title as would support detinue.

2. *Pleadings; Grounds of Demurrer; Sufficiency.*—The mention of facts in pleas other than those showing the plaintiff's lack of right to maintain the action did not impair the legal effect of the state of facts sufficiently pleaded to show such lack of right to maintain the action or render such pleas subject to demurrer.

3. *Appeal and Error; Harmless Error; Pleadings.*—Where the replication to the pleas set out the contract and did not show that its legal effect was other than was shown in the pleas replied to, and failed to aver any other or different state of facts conferring upon plaintiffs a right to maintain the action, and the pleadings as a whole thus disclosed plaintiffs' want of right to maintain the action, the plaintiffs could not be said to be prejudiced by the rulings on the pleadings.

APPEAL from Mobile Law & Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by C. H. Minge & Co. against Barrett Brothers Shipping Company in detinue for a barge. Judgment for defendant, and plaintiff appeals. Affirmed.

The following are the pleas referred to in the opinion:

(2) Defendant, for further defense to the action, says that the only claim that plaintiff has made to defendant in regard to possession of the barge is under an agreement made on or about the 14th day of March, 1912, under which plaintiffs accepted a draft in favor of defendant for $500, and defendants agreed to allow said plaintiffs to hire said barge referred to, for which plaintiff sues, No. 6, at one-half the usual charges of the barge hire when idle, and agreed to forfeit said barge if defendant did not retire the draft, defendant retaining possession of the barge, and it was not contemplated that the possession of the same be given to plaintiff under the agreement, nor did plaintiff take possession of it, or have any possession of it under the agreement; and, the agreement being a mere pledge and possession not given, it was and is void, and defendant cannot be made to deliver possession of it in a suit in detinue. The said transaction being merely a pledge and possession never given. It is therefore of no effect.

(3) Plaintiff's only claim to said barge arises under an agreement entered into between plaintiffs and defendants on or about March 15, 1913, under which said plaintiffs agreed to accept defendant's draft for $500, and defendant agreed to allow plaintiffs to hire said barge herein sued for at half the usual price when idle, and forfeit said barge if defendant did not retire said draft, etc., but possession was not given said plaintiffs of said barge, nor was it contemplated in the agreement. The transaction was a pledge, and therefore void or of no effect because possession was not given, and in the event the said instrument covering the agreement did not contemplate a pledge, or the transaction was not a pledge, and possibly if it was a pledge, the

same was void because not recorded, or rather was not witnessed by two witnesses, or acknowledged, or the law complied with which must be complied with before the instruments can be placed on record, it being contended by defendant that, if said instrument was not properly witnessed or acknowledged before recording and said instrument was allowed to be breached, then the recordation was void, or as if it had not been done.

The agreement referred to, in addition to the matters set out in the pleas, describe the barge as barge No. 6, formerly purchased from W. K. Syson, and recently overhauled, and all repair bills paid to date, and at present valued by Barrett Brothers Shipping Company at $1,200, guaranteed capacity 75,000 to 80,000 feet green pine lumber, and 90,000 to 100,000 feet k. d. saps. The shipping company agreeing to let Minge & Co. have the use of said barge any time she is idle for half price ($2.50 per day) during the terms of this acceptance, it being understood that the shipping company are to retire said draft at maturity, or forfeit said barge to Minge & Co. The draft was at 60 days, and the agreement was extended by mutual agreement three times for 60 days and one time for 120 days.

BESTER & YOUNG, for appellant. The necessary element of the pledge is absent, that of possession actual or symbolic.—*Campbell v. Woodstock Ins. Co.,* 83 Ala. 357. Under the contract the draft was to be retired and taken care of or the barge was to be forfeited to C. F. Minge & Co. The authorities clearly define what is a forfeiture under such conditions.—54 Ohio State, 558; 21 How. Prac. 370; 74 Fed. 247; 193 Pa. State, 363; 22 S. W. 66; *Henderson v. Murphrey,* 109 Ala. 556; *Pilcher v. Faircloth,* 135 Ala. 311. Under the con-

tract then title to and right of possession vested in Minge & Company upon the default of Barrett Brothers, whether possession had been delivered at that time or not.—7 S. W. 777; 72 Pac. 144; 93 N. W. 666; 186 Mass. 405. The appellants proper remedy was detinue. *Ellington v. Charleston,* 51 Ala. 166; *Rotten v. Collier,* 105 Ala. 583.

GEO. B. CLEVELAND, JR., for appellee. Under the facts in this case and under the pleadings the plaintiff was not entitled to maintain detinue for the barge.— 22 Atl. 769; *Nobel v. C. C. Gro. Co.,* 113 Ala. 220; *American P. I. Co. v. German,* 28 South. 603; *Gilmer v. Morris,* 80 Ala. 78; *Nabring v. Mobile Bank,* 58 Ala. 204; *May v. Eastern,* 2 Port. 414. Where there is no debt there can be no mortgage.—*Jacobi v. Funkhouser,* 40 South. 291; *West v. Hendrix,* 28 Ala. 226.

WALKER, P. J.—The defendant's second and third pleas plainly make it appear that the only claim the plaintiffs (appellants here) have to the personal property sued for rests upon the existence of a contract between them and the defendant, whereby the latter agreed to forfeit that property, which belonged to it and remained in its possession, if it did not at a specified time retire a described draft drawn by it and accepted by the plaintiffs. The contract described in this plea was not a legal mortgage of the chattel, as it did not purport to transfer the legal title. It was not a pledge, as the defendant, the owner of the property, retained possession of it.—*Jackson, Morris & Co. v. Rutherford,* 73 Ala. 155; *Sims v. Canfield,* 2 Ala. 555; *Palmer v. Mutual Life Ins. Co.,* 23 Ann. Cas. 962, note. It was not a sale, as there was no delivery, and the ownership of the property mentioned remained in the

party who was the owner before the contract was made. —24 Am. & Eng. Ency. of Law (2d Ed.) 1022, 1045; 35 Cyc. 27. The terms of the contract furnish evidence of the absence of an intention to make a sale of the barge. It recited that the barge was then valued by the defendant at $1,200. This recital is hardly compatible with the existence of an intention to effect a sale of it, either conditional or unconditional, for $500, the amount of the draft accepted by the plaintiffs. The purpose of the parties as evidenced by the terms of their contract was, not to sell a $1,200 barge for the consideration of a $500 liability, but, by the defendant's agreement to forfeit the barge if it failed to retire the draft at maturity, to afford protection to the plaintiffs against the liability incurred by them by their acceptance of that paper. Whatever right the plaintiffs had when the suit was brought rested upon an executory contract which then remained unexecuted. They had only the defendant's agreement to forfeit the barge on its failure to retire the mentioned draft at maturity (which failure had occurred when the suit was brought) an agreement for a future change of ownership (that the plaintiffs should have the barge if the defendant failed to meet an obligation to accrue after the contract was made). When the suit was brought, there had been no alienation or transfer of the chattel sued for. The legal title to it had not vested in the plaintiffs, and they had not acquired possession. If they had any title at all, it was an equitable one, created as a result of considering that as done which had been agreed to be done. One who has not, at the time of the commencement of his suit, acquired either possession of or the legal title to a chattel, is not entitled to maintain the statutory action of detinue for it. A mere equitable title or a right resting on an unexecuted executory con-

tract does not entitle one to maintain such an action. —*Alabama State Bank v. Barnes,* 82 Ala. 607, 2 South. 349; *Wetzler v. Kelly & Co.,* 83 Ala. 440, 3 South. 747; *Reese v. Harris,* 27 Ala. 301; *Grant v. Steiner,* 65 Ala. 499; *Columbus Iron Works Co. v. Renfro Bros.,* 71 Ala. 577. We are referred to the court's expression of approval in the opinion rendered in the case of *Pilcher v. Faircloth,* 135 Ala. 311, 33 South. 545, of a statement to the effect that, when a statute provides for a forfeiture to the government of specific property upon the commission of a certain act, the forfeiture takes place immediately upon the commission of the act, although the title of the government is not perfected until there has been a judicial condemnation. It does not follow from that ruling that a transfer of title is effected by the mere happening of the event which the owner of property had, by an executory contract, agreed should cause a forfeiture of it. Neither the agreement nor the happening of the future event mentioned in it operates as a legal transfer of the owner's right or title to the property. If a contract to sell, or for the future divestiture of the title of the owner of a chattel, is broken, the legal remedy of the party whose right is adversely affected by the breach is a personal one against the other party to the contract.—35 Cyc. 27, 612; Cobbey on Replevin (2d Ed.) § 289. The contract relied on by the plaintiffs in the instant case cannot be construed as effecting a legal transfer of title or change of ownership. The agreement to forfeit the barge if the draft was not retired at maturity amounted to a mere promise to give it up, to deliver it, or let the plaintiffs take it if such failure occurred. This was not a mortgage, a pledge, or a sale, but at most an executory mortgage, pledge, or sale contract.—*Huntington v. Sherman,* 60 Conn. 463 22 Atl. 769. The promise or undertaking

of an owner of property, the ownership and possession of which he retains, to forfeit or give it up upon his failure to do something in the future, does not confer title upon the party contracted with, but creates an obligation in the latter's favor, for a breach of which he may maintain an action on the contract. In the brief of the counsel for the appellants references are made to rulings on contracts containing provisions for the forfeiture of specified things, in some of which the provision was determined to be one for a penalty and in others to be one for liquidated damages.—*Eakin v. Scott,* 70 Tex. 442, 7 S. W. 777; *Womack v. Coleman,* 89 Minn. 17, 93 N. W. 663; *Pogue v. Kaweah Power Co.,* 138 Cal. 664, 72 Pac. 144; *Garvin v. Penn Furnace Co.,* 186 Mass. 405, 71 N. E. 793; *Carson v. Arnantez,* 10 Colo. App. 382, 50 Pac. 1080. Whether the party breaching the contract has become bound to forfeit or give up the thing named as a penalty or as liquidated damages, the legal right accruing to the other party as a result of the default is to be asserted, not in an action of detinue, but in an action for breach of the contract.

The averments in each of the pleas mentioned of facts other than those showing the plaintiffs' lack of right to maintain the action did not impair the legal effect of the state of facts last referred to or render the pleas subject to the demurrers interposed to them. The court did not err in overruling the demurrers to those pleas.

The special replications, in setting out the contract between the parties in hæc verba, did not show that its legal effect was other than was shown by the averments of the pleas replied to, and did not aver any other or different state of facts having the effect of conferring upon the plaintiffs a right to maintain the action. As the pleadings as a whole disclose a lack of right in the appellants to maintain the action, they

[Peters v. Nolen.]

could not have been prejudiced by any rulings made on those pleadings; and a more detailed review of those rulings is not deemed necessary.

Affirmed.