[Civ. No. 1853.    Second Appellate District.—May 17, 1917.]

CONSOLIDATED LUMBER COMPANY (a Corporation), Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Contract — Liquidated Damages — Declaration in Instrument.—A declaration in a contract that the actual damages to be suffered from a breach would be difficult to ascertain, and that the parties were making provision for liquidated damages in lieu of actual damages, tends strongly to establish the fact required by the statute to exist, and tends to control the question as to whether the provision is one for liquidated damages or for a penalty, where the contract appears upon its face to be one allowed by the terms of section 1671 of the Civil Code.

Id.—Contract for Purchase of Lumber—Damages for Delay in Delivery—Declaration in Contract Conclusive.—In a contract for the purchase of a large quantity of lumber to be used in the construction of a municipal wharf, providing that the city might deduct from the contract price the sum of fifty dollars per day for each day that delivery was delayed, a declaration in the contract that the actual damages to be suffered from such a delay would be difficult of ascertainment, and that the parties were making provision therein for liquidated damages, tends strongly to establish the fact of the impracticability or extreme difficulty of fixing the actual damages, and such declaration is controlling, in the absence of evidence negativing the declaration.

APPEAL from a judgment of the Superior Court of Los Angeles County.    W. H. Thomas, Judge presiding.

The facts are stated in the opinion of the court.

Albert Lee Stephens, City Attorney, and Charles S. Burnell, Assistant City Attorney, for Appellant.

Frank D. McClure, for Respondent.

WORKS, J., *pro tem.*—This is an appeal from the judgment, and upon the judgment-roll alone.

The respondent contracted to furnish to the appellant a large amount of lumber to be used in the construction of a municipal wharf. The agreement provided, as shown by the findings, that the city might deduct from the contract price the sum of fifty dollars for each day that delivery of the lumber was delayed beyond the contract time. It also provided that "said sum of fifty dollars per day, in view of the difficulty in estimating such damage, is hereby agreed upon, fixed, and determined by the parties hereto as the liquidated damages that the city will suffer by reason of such default, and not by way of penalty."

The Lumber Company was twenty-seven days beyond the allotted time in completing delivery, and the city withheld the sum of $1,350 in settlement of the amount due. Respondent then brought this suit to recover the amount thus unpaid and judgment was rendered in its favor. The theory of the trial court, in awarding the judgment, is indicated by the following statement erroneously incorporated in the findings of fact: "The court finds that that portion of the specifications which was made a part of the contract above set out fixing damages at $50.00 per day, is void, and of no effect whatever."

Section 1671 of the Civil Code provides: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." Section 1670 of the same code is to the effect that contracts fixing the amount of damages in anticipation of the event, except such as are allowed under section 1671, are void. Whether "it would be impracticable or extremely difficult to fix the actual damage" in a case in which the parties have attempted to agree upon liquidated damages in advance, is a question of fact. It will be noted that the specific declaration

is made in the contract here in question that the actual damages to be suffered from a breach would be difficult to ascertain, and that the parties are making provision for liquidated damages in lieu of actual damages. The decided cases in this state are uniformly to the effect that such a declaration tends strongly to establish the fact required by the statute to exist; and, further, tends to control the question as to whether the provision is one for liquidated damages or for a penalty, where the contract appears upon its face to be one allowed by the terms of section 1671. (*Potter* v. *Ahrens*, 110 Cal. 674, [43 Pac. 388]. See, also, *Muldoon* v. *Lynch*, 66 Cal. 536, [6 Pac. 417]; *Pogue* v. *Kaweah Power & Water Co.*, 138 Cal. 664, [72 Pac. 144]; *Nakagawa* v. *Okamoto*, 164 Cal. 718, [130 Pac. 707].) There is nothing in the findings to negative the statement in the contract that the actual damages for a delay in delivery of the lumber would have been difficult of ascertainment. That declaration is therefore conclusive.

The answer alleges that the defendant was damaged by the delay in delivering the lumber, "but that it would be exceedingly difficult, if not impossible, to estimate the amount of such damage." There was no finding of fact upon this latter allegation. The allegation amounted to nothing in its alternative and negative statement as to the impossibility, but tendered only an issue as to the difficulty, of estimating the amount of the damage. Therefore, the finding of the trial court that the damage "could have been ascertained, and that it is untrue that the same could not be ascertained," was not responsive to the pleadings.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.