[Civ. No. 3460. Second Appellate District, Division Two.—December 13, 1921.]

McCULLOUGH GRAYDON, Respondent, v. JULIA DOANE, Appellant.

[1] LANDLORD AND TENANT—ACTION FOR FORCIBLE ENTRY—RECOVERY OF FURTHER RENTALS—FINDING OUTSIDE OF PLEADINGS.—In an action in forcible entry and detainer by a tenant against a landlord, the finding that the defendant was not entitled to recover further rentals under the lease between the parties was not justified under the mere averment in the amended answer that plaintiff was indebted to defendant for certain rentals and it appeared from the context of the paragraph in which the averment was contained that the allegation was made by way of attempt to justify the entry.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Clyde R. Burr for Appellant.

No appearance for Respondent.

WORKS, J.—This is an action in forcible entry and detainer. At the time of the forcible entry plaintiff was in possession of the entered premises as a tenant of defendant. Plaintiff had judgment and defendant appeals.

The cause was tried on August 19, 1920, and the trial court found that the value of the use and occupation of

the premises from May 17, 1920, the date of the forcible entry, was $150 per month, that plaintiff was damaged by the detention of the property in the sum of $300, and that defendant was "not entitled to recover any further or other rentals for said premises from plaintiff under the existing lease thereon."

The first point made by appellant is that there is no support in the evidence for the finding that the value of the use and occupation, from May 17th, was $150 per month. A search of a portion of the reporter's transcript, which is printed in full as an appendix to appellant's brief, the appeal being under the alternative method, discloses the fact that plaintiff testified that the rental value of the premises in question during June, July, and August was "in the neighborhood of, I should say, $150 a month." This testimony does not cover the period from May 17th to 31st, it is true, but we have made no further examination of the record for the purpose of ascertaining whether there is evidence elsewhere in it to cover that period. Granting, merely for the sake of argument, that there is no such evidence, the fact that the finding is incorrect in so far as it refers to that period is immaterial, and the error, if there be any, is harmless. It is to be noted that the judgment for damages covers but two months at the rate of $150 each, while the time from June 1st to August 19th, a period completely embraced within the testimony of the witness, is more than two and a half months.

[1] Appellant contends that there is no evidence to support the finding that defendant is not entitled to recover further rentals under the lease between the parties. We may concede the point, although we do not decide it. The finding is responsive to no allegation in the pleadings. There is an averment in the amended answer to the effect that at the time of the forcible entry respondent was indebted to appellant in certain sums due as rentals for the premises, but the allegation was made, as the context of the paragraph in which it is contained shows, merely by way of attempt, although a fruitless one (*Kerr* v. *O'Keefe,* 138 Cal. 415 [71 Pac. 447]; *California Products, Inc.,* v. *Mitchell,* 52 Cal. App. 312 [198 Pac. 646]), to justify the entry. The question whether appellant can collect "further" or any rentals under the lease was not in the

case, and nothing on the subject was in fact carried into the conclusions of the law. The judgment, however, does follow in terms the finding now in question, and disposition must be made of that part of the judgment before an affirmance may result.

Respondent has filed no brief in the case, and we therefore have been deprived of an aid to which we were entitled and which it was a dereliction on the part of counsel not to extend to us. We make particular mention of the circumstance because of the fact that the number of cases in which we are called upon to perform the labors of counsel, either in whole or in part, is truly alarming.

The judgment is modified by striking therefrom the following: "It is further ordered, adjudged and decreed: That defendant do not recover from plaintiff any other or further rents under the existing lease on said premises." As so modified the judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.