[Civ. No. 16171.   Second Dist., Div. Two.   Feb. 11, 1948.]

GEORGE P. MAYER, Respondent, v. TOMS BEONDO,
Appellant.

Gerard Remington and John A. Jorgenson for Appellant.

Syril S. Tipton and Fulcher & Wynn for Respondent.

WILSON, J.—The judgment rendered in favor of plaintiff directing specific performance by defendant of a contract to convey real estate must be reversed.

■ (1) The contract which is in the form of an option provides for the payment of $5,680 in cash less the amount of a trust deed on the property. It appears that approximately $2,500 remained unpaid on the trust deed. The complaint alleges "that plaintiff has duly performed all of the conditions of said agreement on his part to be performed, and has tendered to defendant the purchase price set forth in said option." This allegation is denied in defendant's answer. There is no evidence that plaintiff ever offered or tendered the purchase price to defendant or deposited it for the latter's account. Plaintiff testified that he opened an escrow at a bank and made a deposit in the escrow but did not state the amount. He testified that he had sufficient money available to complete the transaction. The escrow instructions signed by plaintiff recite "I *will* hand you $3180.00 approx." The evidence of the escrow officer who handled the transaction at the bank is that plaintiff opened an escrow and deposited $500 therein, and no more. This is the only evidence concerning any tender or deposit of any part of the purchase price. Although (1) there was no evidence of tender and (2) defendant's counsel expressly directed the attention of the court to that fact, the court made a finding that plaintiff had fully performed his part of the contract and had tendered the amount of the purchase price.

Since at the time of the commencement of the action no tender had been made of the purchase price and only a small portion thereof had been deposited in escrow the allegations of the complaint to the effect that plaintiff had performed the conditions of the contract imposed upon him and that he had made the tender are untrue and plaintiff therefore is not entitled to maintain an action for specific performance. (*Milton Kauffman, Inc.* v. *Smith,* 82 Cal.App. 2d 302, 314 [186 P.2d 11] ; hearing in Supreme Court denied January 5, 1948.)

Moreover, before plaintiff could require defendant to perform the latter's part of the agreement he must have fulfilled or offered to fulfill all conditions imposed upon him by the contract. (Civ. Code, § 1439; *Boone* v. *Templeman,* 158 Cal. 290, 298 [110 P. 947, 139 Am.St.Rep. 126] ; *Lifton* v. *Harshman,* 80 Cal.App.2d 422, 432 [182 P.2d 222, 228] ; hearing in Supreme Court denied August 14, 1947.)

■ (2) Specific performance cannot be enforced against a party to a contract if he has not received an adequate

consideration therefor and if it is not, as to him, just and reasonable. (Civ. Code, § 3391, subds. 1 and 2.) The complaint fails to state facts sufficient to constitute a cause of action for the reason that it contains no allegation that the consideration was adequate or that the contract was just and reasonable as to defendant, and there are no allegations of fact from which conclusions to that effect may be drawn. (*Mayers* v. *Alexander,* 73 Cal.App.2d 752, 762 [167 P.2d 818] and cases cited; *Milton Kauffman, Inc.* v. *Smith, supra.*

Plaintiff closed his case without offering any evidence upon this subject, whereupon counsel for defendant directed attention to the provisions of the code above mentioned, to the deficiency in the complaint in that regard and to the fact that no evidence had been offered upon the subject. Thereupon the court on its own motion, over defendant's objection, permitted plaintiff to reopen the case for the purpose of introducing evidence upon that point. Defendant's counsel objected, stating that he was not prepared to meet the issue and that he ''would have to get in witnesses to testify on the question of the adequacy of the consideration.'' The objection should have been sustained. Notwithstanding defendant's protest the court received evidence as to the value of the property, counsel for the defendant making timely objections to questions asked in that regard. When the evidence was closed and the case was submitted defendant's counsel again called the court's attention to the provisions of section 3391 of the Civil Code.

Disregarding the insufficiency of the complaint and the constant objections made by defendant's counsel, the court made a finding of fact that the consideration provided in the agreement ''was and is a fair, adequate and equitable consideration for said property.'' Findings of fact must be responsive to the pleadings. (*Consolidated Lumber Co.* v. *City of Los Angeles,* 33 Cal.App. 698, 700 [166 P. 385]; *Graydon* v. *Doane,* 55 Cal.App. 642, 643 [203 P. 1018].) The admission of evidence as to matters not within the pleadings is prejudicial error. (*Richter* v. *Adams,* 19 Cal.App.2d 572, 576 [66 P.2d 226].) Hence the court erred in receiving the evidence and in making the finding referred to for the obvious reason that the evidence was not responsive to any allegation in the pleadings and the finding of fact was outside the issues.

Plaintiff concedes in his brief "that the complaint herein was technically deficient as a complaint for specific performance, in failing to state facts which would show that the consideration specified in the contract was adequate and that the contract was just and reasonable as to the defendant." Having made this concession he relies on sections 469 and 470 of the Code of Civil Procedure which provide that a variance between the allegations in a pleading and the proof will not be deemed material unless it has actually misled the adverse party to his prejudice. Manifestly those sections have no application to the instant case for the reasons (1) the question of variance between pleading and proof cannot arise because there is a total absence from the complaint of an indispensable allegation and there is no pleading on behalf of either party that justifies the admission of the evidence to which we have referred; and (2) since defendant objected to the introduction of evidence on issues not pleaded, plaintiff was not misled by any act of commission or omission on the part of defendant.

Plaintiff has cited cases in which the complaints were deficient in their averments but which were tried on the theory that they contained sufficient allegations, the defendants having made no objection to the evidence offered. Examples of such cases are *Asnon* v. *Foley,* 105 Cal.App. 624, 629 [288 P. 792], and *Greiss* v. *State Inv. & Ins. Co.,* 98 Cal. 241, 244 [33 P. 195]. The instant case was not tried on the theory that the complaint was sufficient or that the justness or reasonableness of the contract to defendant or the adequacy of the consideration were in issue, for, as we have pointed out, defendant's attorney, by his repeated objections to the introduction of evidence concerning those matters, never for a moment permitted the court or plaintiff's counsel to overlook the insufficiency of the complaint or to assume that defendant was consenting to the trial of unpleaded issues.

Defendant had a right to go to trial relying on the allegations which he found in the complaint as being the only matters on which he would be required to produce evidence. The record indicates that he was ready to meet such allegations but was not prepared as to matters not set forth in the complaint. If he had had previous warning that the value of the property, the adequacy of the consideration, or the justness and reasonableness of the contract would be tried he would have had the opportunity to produce witnesses whose testi-

mony on those subjects might have required the court to render judgment in his favor. The record discloses a unilateral trial as to the matters under discussion.

For the reasons stated section 4½ of article VI of the Constitution cannot be invoked, as contended by plaintiff, to sustain the judgment. It cannot be said from an examination of the entire record that the errors complained of have not resulted in a miscarriage of justice.

Judgment reversed with directions to enter judgment in favor of defendant who shall also recover his costs expended in connection with the trial.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied March 2, 1948, and the following opinion was rendered:

THE COURT.—▇ As we construe respondent's petition for rehearing he does not request that the cause be reheard in this court but that we strike from the judgment the direction to the trial court to enter judgment for defendant, in order that upon a retrial of the case he may correct errors and deficiencies in his pleadings and proof which were expressly called to his attention when the case was on trial, and which, by reason of his failure to amend his pleadings and supply omitted proof, resulted in a reversal of the judgment.

1. He maintains that during the trial his failure to prove tender of consideration to appellant was not raised. On the contrary, the necessity of such proof was twice called to his attention: (a) The allegation in the complaint that respondent had performed the conditions of the agreement and had tendered to defendant the purchase price was expressly denied in appellant's answer. (b) After the evidence had been completed and both sides had rested the failure of proof was called to respondent's attention by counsel for appellant, who said: "Regarding the escrow instruction, there is no tender of cash. There has been no proper tender shown." Respondent did not, as was his privilege, request leave to reopen the case for the purpose of offering proof of tender if such tender had been made.

2. Respondent's second contention is that the direction to the trial court to enter judgment for defendant should be

stricken from our judgment and that the case should be remanded for retrial, in order that he may amend his complaint and correct the fatal defect therein by supplying an allegation that the contract was fair, just and equitable to defendant. Three times during the trial appellant's counsel specifically pointed out this defect, and once objected to evidence as to the value of the property because of the absence of such allegation, but respondent did not ask leave to amend by supplying the necessary averment.

Respondent had ample opportunity during the trial to correct the errors which caused a reversal of the judgment. Having elected to stand on the defective pleading and having failed to furnish proof of a necessary allegation that had been denied, he is not now entitled to further opportunity to correct his errors.

Respondent's petition for a hearing by the Supreme Court was denied April 6, 1948. Carter, J., voted for a hearing.